The State v. Graham.

---

THE STATE v. GRAHAM.

1. **Criminal Law : EVIDENCE.** Where a person was indicted for assault
with intent to commit murder, and he was convicted of assault and
battery only, he was not prejudiced by the refusal of the court to per-
mit a witness to answer whether or not he had contributed money to
carry on the prosecution.

2. —— : INCLUDED CRIME : ASSAULT AND BATTERY. It was not preju-
dicial error to instruct the jury that assault and battery was a crime
included in assault with intent to commit murder, where the defend-
ant was charged not only with assault, but with battery also.

*Appeal from Pottawattamie District Court.*

SATURDAY, APRIL 26.

THE defendant was indicted for an assault with intent to murder. He was tried and convicted of the crime of assault and battery. He appeals to this court for a reversal of the judgment against him.

*B. F Montgomery,* for appellant.

*J. F McJunkin, Attorney General,* for the State.

ROTHROCK, J.—I.   The State introduced three witnesses, whose names were not indorsed on the indictment.   The defendant objected to the examination of said witnesses. Thereupon the District Attorney introduced the sheriff of the county, who testified that he served certain notices upon the defendant that said witnesses would be introduced upon the trial.   The service was by copy, and the notices were prepared by one Hall, under the direction of the District Attorney.   No objection was made to the time of service, nor to the contents of the written notices.   We think the notices and proof of service were sufficient.   Counsel for defendant do not, in argument, undertake to point out wherein they are objectionable.

II.   The indictment charged that the defendant "assaulted one Rosalia Zeroshling, and that he did beat, bruise and wound, knock down and leave unconscious on the ground, for dead, her the said Rosalia Zeroshling."

1. CRIMINAL law: evidence.

The alleged crime was committed on the 5th day of August, 1877.   The State introduced as a witness one William Towle, who testified in substance that in May, 1877, he had a conversation with the defendant, and that defendant then said that Rosalia Zeroshling "was a bad-dispositioned woman," and that "if she hadn't been in the fix she was he would have knocked the devil out of her."   He supposed it would make

no more difference with her, in that fix, than it would with a cow or horse, or any other "dumb brute." This conversation had reference to some difficulty between the defendant and the prosecuting witness about digging or taking some earth away from the road. It did not refer to the alleged assault for which the defendant was indicted.

The defendant, at a subsequent time during the trial, recalled the witness Towle for cross-examination, and asked him this question: "Did you contribute any money toward the prosecution of defendant?" The District Attorney objected to the question. The record does not show that the court made any ruling upon the objection, unless it may be inferred that the same was sustained, because no answer was given to the question, and there is a statement that defendant excepted. The record is in these words: "Objected to by State Attorney. Defendant excepts." If, however, a ruling adverse to the defendant should be inferred, we think he was not prejudiced thereby. The testimony of the witness. was only competent as showing that sometime before the alleged crime was committed there was not a friendly feeling between the parties. The language was not in the nature of a threat. Now, if the witness had answered the question by stating that he had contributed money to carry on the prosecution, it would have tended to discredit his testimony. His testimony was only competent as tending to show the malice aforethought necessary to establish the crime of an assault with intent to murder. The jury only found the defendant guilty of an assault and battery, in which malice aforethought is not a necessary ingredient. Under these circumstances. we are of the opinion that no prejudice resulted from the ruling, if the court did rule as claimed by defendant.

III. The defendant recalled the prosecuting witness, and asked her this question: "Did you make any dying statements?" The question was objected to. The objection was sustained and the defendant excepted. It does not appear for what purpose the question was asked. If it was to prove

The State v. Graham.

the mere fact that a dying statement had been made, that had already been abundantly established by other evidence. If it was preliminary to further interrogations, with a view to showing that the witness had made contradictory statements, that should have been made to appear by defendant's counsel. We do not understand counsel to claim that the witness did make statements in what is called her dying declarations contrary to her testimony as a witness.

The court instructed the jury as follows: "The following crimes are included necessarily in the charge contained in the indictment, viz.: assault, assault and battery, assault with intent to do a great bodily injury, assault with intent to commit manslaughter, and assault with intent to commit murder; and the defendant may, if the evidence justifies the finding, be convicted of either one of these crimes."

Counsel for defendant urge that this instruction is erroneous because the crime of an assault and battery is not necessarily included in the crime of an assault with intent to murder. Section 4466 of the Code provides that "in all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." It is doubtless correct that if this indictment had charged an assault merely, without a battery, as by discharging a gun at the prosecuting witness or the like, the crime of assault and battery would not be necessarily included in the crime charged. But the defendant is charged not only with an assault, but a most grievous battery. It is, in fact, an indictment for an assault and battery under such allegations as to have made the crime murder, if death had ensued. We think the instruction was not erroneous.

AFFIRMED.