# SUPREME COURT.

## THE PEOPLE agt. HENRY MOETT.

*Application for a writ of error and a stay — If exception presents plausible ground of error stay should be granted — When it is the legal duty of a jury to reject the whole evidence of a witness.*

If a jury are convinced of the intentional falsity of evidence and such willful perjury, committed for the purpose of deceiving and misleading them, has destroyed their confidence in the truthfulness of the man and of his whole story, it is their legal duty then to reject his entire testimony as proving nothing.

Where, on a trial for murder, the prisoner had been a witness in his own behalf and was the only person who gave direct evidence of the incidents of the transaction from having witnessed them, and the judge in charging the jury in regard to the evidence of the prisoner, among other things said: "And there is another thing in law which is just as clear and that is, when a party in a civil action *deliberately* swears false to one material part of his testimony, and the jury are satisfied that he has so sworn falsely, *intentionally false*, they are not only at liberty to reject it, but it *sometimes* is the duty of the jury to reject the whole. The maxim is *falsus in uno, falsus in omnibus.*" To this portion of the charge there was an exception:

*Held*, that this exception did not present a plausible ground of error. Where a witness commits perjury in a part of his evidence the whole should be rejected, because the corrupt motive and purpose *then* manifested must destroy all faith in the man.

When any doubt exists as to whether the witness has committed perjury in giving the evidence which is to be considered, it must be for the jury to decide whether, in the testimony to be weighed, perjury has been committed. But if that point, the actual commission of perjury in the cause on trial, is passed by an affirmative answer, *it seems* there could be no error in instructing the jury that a witness who has been confessedly corrupt and perjured, not upon some previous trial but during the progress of the one in which his evidence has been given to them, is entitled to no credit whatever.

When an exception is taken to the enunciation of a legal proposition by the court, such exception only presents the legal soundness or unsoundness of the utterance. If the charge, as made, is legally correct and counsel suppose that it requires some explanation to prevent the jury from being mislead a specific request for that purpose should be made.

*At Chambers, March, 1880.*

*Andrews & Cady*, for prisoner.

*Mr. Longley*, district attorney, for people.

WESTBROOK, *J.* — At the Columbia county oyer and terminer, held in January, 1880, Mr. justice OSBORN presiding, Henry Moett was convicted of the crime of murder in the first degree for the homicide of his wife at the town of Taghkanic, in said county, on the 12th day of September, 1879, by shooting her with a pistol.

The evidence tends to show that the deceased sustained adulterous relations with one Jacob Proper. The claim of the people was that the prisoner had, with deliberate premeditation, gone to the house in which his then wife was residing and shot her. The defense insisted that the prisoner had come there to obtain his own furniture, having determined to abandon the wife for her unfaithfulness and leave her with her paramour, with whom she was then living in adulterous intercourse. When he reached the house, the defense further insisted, that a difficulty ensued with the wife who assaulted him with a pickax for the purpose of killing him, and that in the necessary defense of the prisoner's own person the wife was shot. The prisoner had been a witness in his own behalf, and was the only person who gave direct evidence of the incidents of the transaction from having witnessed them.

The application for the writ of error and stay presents only one point and that is this: the judge in charging the jury in regard to the evidence of the prisoner, among other things said : "And there is another thing in law, gentlemen, which is just as clear and that is, when a party in a civil action *deliberately* swears false to one material part of his testimony and the jury are satisfied that he had so sworn falsely, *intentionally false*, they are not only at liberty to reject it, but it sometimes is the duty of the jury to reject the whole. The maxim is '*falsus in uno, falsus in omnibus.*'" To this portion of the charge there was an exception. Does the exception

present a plausible ground of error? If it does, according to the rule laid down by myself for my own guidance in the Latrimouille case, the stay should be granted. To this single point the discussion will be directed.

If the jury had been charged that *whenever* a witness had intentionally and deliberately sworn falsely as to the material fact they were bound, as matter of law, to reject the whole, then, perhaps, as the court of appeals, in *Deering* agt. *Metcalf* (74 *N. Y.*, 501, *see pages* 506, 507), has expressed a doubt as to what should be the rule in such a case, the present application should be granted. As an original question, however, I should be inclined to hold that where a witness commits perjury in a part of his evidence the whole should be rejected, because the corrupt motive and purpose *then* manifested must destroy all faith in the man. In making this general statement I am aware that there will generally be some difficulty in the practical application of this rule, for it is seldom entirely clear that a witness has committed perjury in giving the evidence which is to be considered. When that doubt exists it must be for the jury to decide whether, in the testimony to be weighed, perjury has been committed. But if that point, the actual commission of perjury in the cause on trial, is passed by an affirmative answer, then it would seem there could be no error in instructing a jury that a witness who has been confessedly corrupt and perjured, not upon some previous trial but during the progress of the one in which his evidence has been given to them, is entitled to no credit whatever. The reason for so rejecting the whole is obvious, and it is, that as a corrupt motive governed him while giving the testimony to be considered, such motive must, when its presence is demonstrated, be deemed to apply to all that he then declares. This discussion, however, is unnecessary, for the judge did not so charge the jury, he simply told them that "*sometimes*" it would be their duty to reject the whole evidence of a witness who had, in their judgment, deliberately, willfully and intentionally sworn falsely to material facts upon the trial then in

progress.   Is not this sound?   If a jury are convinced of the
intentional falsity of evidence and such willful perjury, com-
mitted for the purpose of deceiving and misleading them, has
destroyed their confidence in the truthfulness of the man and
of his whole story, is it not their legal duty then to reject his
entire testimony as proving nothing?   It is true that some
things which he has said may be believed to have occurred,
not because of his statements, however, but on account of
other proof.. If the question first put must be answered in
the affirmative then it follows that it is, as the judge charged,
"sometimes" the legal duty of a jury to reject the whole evi-
dence of a witness under the well-known maxim to which
reference was made.

If the learned counsel for the prisoner thought the judge
should also have instructed the jury when and under what
circumstances they should apply the rule, they should have
asked him to do so.   When an exception is taken to the enun-
ciation of a legal proposition by the court, such exception
only presents the legal soundness or unsoundness of the utter-
ance.   If the charge as made is legally correct, and counsel
suppose that it requires some explanation to prevent the jury
from being misled, a specific request for that purpose should
be made.

It is also evident, as it seems to me, that the jury could not
possibly have supposed that the judge intended to instruct
them, that they were bound to reject the entire testimony of
the prisoner, merely because they believed a part was will-
fully false, for they were also told, immediately before the
instruction was given of which complaint was made, that
"they may accept such portions as they believe to be true;
they may reject portions which they believe to be false; or
they may reject the whole story as a fabrication and a false-
hood."   Other portions of the charge might also be referred
to, to show that the jury were left to deal with the whole
evidence as they thought fit.   And having been told that
they could "accept such portions" of the evidence of a wit-

ness " as they believed to be true," though they also " may reject portions which they believed to be false," the jury could not be misled by an instruction which informed them that " *sometimes* " in a cause, a jury would be bound to reject the whole testimony of a witness as false, because of plain perjury in a part thereof, for they would be so bound whenever plain and palpable perjury committed before them destroyed all faith in the integrity of the witness.

It follows that this application must be denied.