FIRST NAT. EXCH. BANK OF PORT HURON v. SHERMAN *et al.*

Where depositions were objected to on the ground that no foundation was laid for any such evidence, that there was no proper authentication, and that they were incompetent, immaterial and irrelevant, the specific objection that no reason was shown why deponents were not called as witnesses is unavailable on appeal.

(Opinion Filed, March 17, 1897.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action upon promissory note.   Plaintiff had judgment and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

*Aikens, Bailey & Voorhees,* for respondent.

FULLER, J.   Defendants, by their answer, admit the execution, delivery, and nonpayment of the promissory note made the basis of this suit, but deny that plaintiff is the owner and holder thereof. At the trial, certain depositions, taken upon due notice and in regular form, containing evidence material to the issue thus raised, were offered on the part of plaintiff, and received in evidence, over an objection interposed by counsel for the defendants, "for the reason that there is no foundation laid for the introduction of any such evidence, that there is no sufficient certificate or authentication of said depositions, that said depositions are incompetent, immaterial, and irrelevant to the issues raised by the pleadings in the case." Plaintiff had judgment, and the only point urged by the defendants on appeal therefrom is that "no reason was shown why these parties were not called as witnesses."

Section 5383 of the Compiled Laws provides that the "deposition of any witness may be used only on the following cases: (1) When the witness does not reside in the county where the action or proceeding is pending, or is set for trial,

by change of venue, or is absent therefrom. (2) When, from age, infirmity or imprisonment, the witness is unable to attend court, or is dead. (3) When the testimony is required upon a motion, or in any other case, where, the oral examination of the witness is not required." Sec. 5296 is as follows: "When a deposition is offered to be read in evidence it must appear to the satisfaction of the court that, for some cause specified in Sec. 5283 of this Code, the attendance of the witness cannot be procured." Although the objection in the court below related in a general way to the substantive evidential matter contained in the depositions, and to the question of authentication, rather than to the preliminary consideration as to whether the attendance of such witnesses could be procured, and the attention of the court was by the objection, if effectual for any purpose, directed only to the questions propounded and to the answers of the deponents, both of whom testified specifically that they actually resided in the state of Michigan, where they were engaged in business, and where their depositions were taken, we need not determine at this time whether such uncontroverted evidence was competent and sufficient to satisfy the court that the witnesses were nonresidents of Minnehaha county, S. D., for the reason that the objection was so general and indefinite that the question now relied upon was not raised in the court below.

Had the point now urged against the reading of the depositions been brought to the attention of the trial court by the specific objection that "no reason was shown why these parties were not called as witnesses," instead of the general and misleading objection that no foundation has been laid for the introduction of any such evidence, commingled with the question of authentication of the depositions, and competency, materiality and relevancy of the evidence contained therein, the exception might have been obviated without difficulty. Preliminary matter relating to the right to use a deposition based upon the question of the deponent's present whereabouts, or

ability to attend court, is entirely independent of and distinct
from every conception respecting the form or substance of the
deposition itself; and a general objection indiscriminately.
touching all the foregoing points, without specifying anything,
is well calculated to embarass the court, and suggests nothing
but counsel's ability to obscure the point upon which a ruling
is sought.

The orderly conduct of suits, the rights of courts and liti-
gants, and a fair administration of justice, are considerations
at variance with the idea that a party may in this court secure
a reversal upon a point not brought to the attention of the
court below, which might have been readily obviated had the
specific objection here relied upon been interposed at the trial
of the cause.    Where a deposition was taken in the city where
a trial was being conducted, and but one day prior to the com-
mencement thereof, and no reason in any manner appeared why
the deponent did not personally attend and testify before the
court, it was held on appeal that the deposition was properly
admitted, as the point now being urged in this court was not
made available by an objection to the reading of said deposi-
tion, upon the "grounds that the same is incompetent, irrele-
vant, and immaterial, and not within the issues in the case, and
on the further ground that the same is hearsay in its character,
and that no foundation has been laid for the evidence." Rail-
way Co. v. Neiswanger, 41 Kan. 621, 21 Pac. 582; Insurance
Co. v. Lawrence, 2 Pet. 25.    In passing upon a similar objec-
tion to the use of a deposition, the territorial supreme court,
speaking through Judge MOODY, concluded an able and ex-
haustive elucidation of the subject as follows: Parties must
point out to the district court the precise question upon which
they seek a ruling, and must be able to put their finger upon
and show to this court the very error of which they complain
in such ruling.    It will not answer to put into the bill a general
objection, in no wise calculated to inform the trial court or the
adverse party what is the ground of objection, and then attempt

here to spring a trap, and thus unfairly obtain a new trial of the action." Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426. To the same effect see Bright v. Ecker (recently decided by this court, on petition for rehearing) 69 N. W. 824. Our conclusion is that the point here relied on was not covered by the general objection made in the court below, and the judgment appealed from is therefore affirmed.