## STATE V. FINDER.

1. A defendant indicted for an assault with a dangerous weapon with intent to do bodily harm may be found guilty of a simple assault, in view of Comp. Laws, § 7429, providing that "the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

2. In view of Const. Art. 5, § 14, conferring original jurisdiction upon circuit courts in all actions and cases, a circuit court has jurisdiction to try a misdemeanor, which by Comp. Laws, §§ 6509, 7043, may be tried in justices' courts.

3. Where, on the filing of an affidavit of prejudice, the judge of another circuit was called in, and tried the case, but was absent when the jury had reached their verdict, it was not reversible error for the judge from whom the charge was taken to receive it.

4. Where the only support to the contention that a jury reached a compromise verdict by finding defendant, indicted for felony, guilty of a misdemeanor only, is great conflict of evidence, the verdict will not be disturbed.

5. In a prosecution for an assault with intent to do bodily harm, it is not error for the complaining witness to exhibit to the jury an injured hand, without proof that the injury did not occur before the assault, where defendant makes no request for such proof. FULLER, J., dissenting.

(Opinion filed July 14, 1897.)

Error to circuit court, Hughes county.    Hon. LORING E. GAFFY, Judge.

Plaintiff in error was convicted of an assault.    Affirmed.

The facts are stated in the opinion.

*Dillon & Sutherland,* for plaintiff in error.

The judge of the trial court making an order changing judges has no jurisdiction to receive a verdict in a case tried by the judge called in, nor to make any order whatever in such case; his authority thereafter was no more than that of a mere stranger.    Laws of 1891, Chap. 50, § 1; State v. Henning, 3 S. D. 492; State v. Palmer, 4. S. D., 543; State v. Daniels, 66 Mo. 192; Fatt v. Fatt, 48 N. W. 52; Rines v. Boyd, 7 Wis. 155; Mc-

Clure v. State, 77 Ind. 289; State v. Lay, 29 S. W. 999; State v. Hoges, 88 Mo. 346; Hinman v. People, 13 Hun. 266; People v. Shaw, 63 N. Y. 36; Blend v. People, 41 N. Y. 604; Hewett v. Follett, 51 Wis. 274; Hastings v. Hastings, 31 Cal. 95; Baldwin v. Marygold, 2 Wis. 420; Barrows v. People, 11 Ill. 121; 28 Am. & Eng. Encyc. Law 338; 12 Id., 13 and 43; Jones v. State, 97 Ala., 77; State v. Hopper, 71 Mo. 425; State v. Gleason, 88 Mo. 582; Britton v. Fox, 39 Ind. 369; Frazier v. Tunstall, 4 Ark. 162. A conviction cannot be had of assault, under an indictment, for the reason that an assault is not an indictable offense. Ferguson v. People, 90 Ill. 510; 1 Bishop, Crim. L., (6th ed.), § 811; State v. Nutting, 16 Vt. 261; Nelson v. State, 10 Humph. (Tenn.) 518; People v. Abbott, 4 Scam. (Ill.) 197; Freeland v. People, 16 Ill. 380; State v. Foster, 33 Ia. 525; State v. Wheeler, 23 Am. Dec. 212; Dinkey v. Com., 55 Id. 543; Severin v. People, 37 Ill., 414.

*T. P. Estes*, State's Attorney, *Melvin Grigsby*, Attorney General, and *D. W. March*, for defendant in error.

The offense of an assault is necessarily included within that of an assault with a dangerous weapon with intent to do bodily harm. Comp. Laws, § 7429; People v. Odell, 1 Dak., 189; Territory v. Conrad, Id., 348. There was no error in receiving the verdict. Chap. 50, Laws '91; State v. Reddington, 7 S. D. 368, 64 N. W. 170.

CORSON, P. J. The plaintiff in error was indicted for an assault with a dangerous weapon with intent to do bodily harm, and was by a jury convicted of an assault upon which he was adjudged to pay a fine of $50. He thereupon sued out a writ of error, upon which the case is now before this court. Prior to the trial the defendant made and filed an affidavit of prejudice on the part of Judge GAFFY, judge of the Sixth circuit, and, under the provisions of Section 1, Chap. 50, Laws 1891, he called in Judge CAMPBELL, of the Fifth circuit, to try the case. At the conclusion of the trial, and after the jury had retired to

deliberate upon their verdict, Judge CAMPBELL adjourned the court until the following morning, and then left for his home, in Aberdeen.   On the following morning, Judge GAFFY opened the court, and received the verdict of the jury, and adjourned the court until a later day, when Judge Campbell returned to Pierre, and entered judgment upon the verdict.

The questions presented that we deem necessary to consider are:  (1) Was the jury authorized to find the defendant guilty of a simple assault under the indictment?   (2) Did the fact that Judge GAFFY received the verdict of the jury constitute reversible error?   (3) Could the jury under the evidence, find the defendant guilty of a simple assault?   (4) Did the trial court err in permitting the complaining witness to exhibit to the jury her hand, claimed by her to have been injured by a blow inflicted by the defendant?

The learned counsel for the defendant contend that the circuit court had no original jurisdiction to try a party for an assault or an assault and battery, and hence the jury could only find the defendant guilty of the crime charged in the indictment or some indictable offense included in such charge over which the circuit court had jurisdiction.   They therefore insist that the charge of the court in which it instructed the jury that they could find defendant guilty of an assault was erroneous, and the verdict of the jury a nullity, upon which no judgment could be pronounced.   Undoubtedly, under the old common-law rule, the contention would be correct, but under the constitution and laws of this state that rule is not applicable.   The doctrine contended for finds support in the decisions of some of the older states, but in states having statutes similar to our own the common-law rule has been deemed to be abrogated. Com. v. Drum, 19 Pick. 479; Foley v. State, 9 Ind. 363; State v. O'Kane, 23 Kan. 244; State v. Shepard, 10 Iowa, 126; State v. Graham, 51 Iowa, 72, 50 N. W. 285; Hunter v. Com., 79 Pa. St. 503.   In the latter case the question was very fully considered by the supreme court of Pennsylvania, and that court

seems to have arrived at the conclusion that the common-law rule was abrogated in that state without the aid of statute. In that case, PAXSON, J., speaking for the court, says: "The plaintiff in error was indicted for a felonious assault. The jury convicted him of assault. A motion in arrest of judgment was made, which was overruled by the court below, and judgment entered on the verdict. This is assigned here for error. The record presents the single question whether, upon an indictment charging a felony, the jury may acquit of the felony, and convict of the constituent misdemeanor. We are in no doubt as to the rule at common law. It was long held in England that, upon an indictment for a felony, there could be no conviction for the minor offense of misdemeanor. Rex v. Cross, 1 Ld. Raym. 711, 3 Salk. 193; 2 Hawk. P. C. Chap. 47, § 6; 1 Chit. Cr. Law, 251, 639. The reason of the rule was that persons indicted for misdemeanors were entitled to certain advantages at the trial, such as the right to make a full defense by counsel, to have a copy of the indictment, and a special jury— privileges not accorded to those indicted for a felony. It is apprehended these reasons no longer exist in England; at least, not to the extent they did formerly, for by St. 1 Vict. Chap. 85, § 11 (Lord Deman's Act), the rule itself has been abolished, and now, upon a bill charging a felony, a conviction may there be had for a constituent misdemeanor. It is clear that the reason of the rule has no application in this state. On the contrary the advantages, if any, upon the trial, are all in favor of those charged with a felony. By the merciful provisions of the criminal law, the higher and more atrocious the crime, the more numerous are the safeguards thrown around the accused, and more jealously does the law guard every legal right to which he is entitled." The court then proceeds to an examination of the authorities, and concludes that the old common-law rule no longer exists in that state. Section 7429, Comp. Laws, provides: "The jury may find the defendant guilty of any offense the commission of which is necessarily included in that

with which he is charged in the indictment, or an attempt to commit the offense." If, therefore, the common-law rule was ever in force in this state, which is very doubtful, it is abrogated by the provisions of this section. The contention that the circuit court has no jurisdiction of an assault or an assault and battery is not tenable. By Section 14, Art. 5, of the state constitution, it is provided that circuit courts "shall have original jurisdiction in all actions and cases, both at law and in equity." See, also Comp. Laws, § 7039. Jurisdiction is conferred upon justices' courts as to the trial of certain misde-meanors, including ordinary assault and battery, but not exclusive jurisdiction. Id. §§ 6509, 7043. We are clearly of the opinion, therefore, that no error was committed by the court in its charge that a verdict for a simple assault could be legally found by the jury, and in entering judgment upon the verdict returned.

It is further contended that the reception of the verdict by Judge GAFFY constitutes reversible error. This, we think, is not tenable. The theory of counsel that there was a change of venue is not supported by the facts. It will be noticed that the statute (Sec. 1, Chap. 50, Laws 1891) provides for a change of venue, and also for a change of judges. State v. Palmer, 4 S. D. 543, 57 N. W. 490. In the case at bar there was a change of judges only. The circuit judge of the Sixth circuit continued to be the judge of the court, except as to the case or cases Judge CAMPBELL was called to try; and, when Judge CAMP-BELL was not actually engaged in holding court, it was perfectly competent for Judge GAFFY to transact ordinary court business in his court room. He therefore very properly opened the court after Judge CAMPBELL left, and we discover no reversible error in his receiving the verdict. Assuming, without deciding, that the receiving of the verdict by Judge GAFFY constituted an irregularity, it was one which did not in any way effect the substantial rights of the defendant. In such a case this court is required by the Code of Criminal Procedure

"to give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." Comp. Laws, § 7520. It is our duty therefore, to disregard the error, if there be one. State v. Reddington (S. D.) 64 N. W. 170.

It is further contended that, under the evidence introduced on the trial, the jury was not justified in finding the defendant guilty of an assault; that the jury could have only found the defendant guilty as charged if they believed the complaining witness, or acquitted the defendant if they believed the evidence of the defendant; and that there was no middle ground upon which a compromise verdict could have legally been found. It is true that the evidence, so far as it appears from the record, clearly conflicted. But there is nothing in the record to sustain the contention of the plaintiff in error that the verdict was a compromise verdict other than the fact that there was such conflict in the evidence. This is not sufficient to warrant this court in disturbing the verdict. It must affirmatively appear that the verdict was a compromise verdict, to justify a reversal of the judgment by this court.

The counsel for the state requested the complaining witness to exhibit to the jury her hand. This was objected to, upon the ground that the proper foundation had not been laid. This objection was not sufficiently specific. Neither the attention of counsel nor the court was called to the particular ground relied upon in this court, namely, that it did not affirmatively appear that the hand was not injured prior to the alleged assault. Uudoubtedly, had this ground been called to the attention of counsel, they could have supplied the necessary proof. Tanderup v. Hansen (S. D.) 66 N. W. 1073; Bank v. Sherman (S. D.) 70 N. W. 647. But we are of the opinion that there was evidence that the hand was not injured prior to the alleged assault, at least sufficient, in the absence of any cross-examination upon that subject, to authorize a jury to draw that inference from the evidence given.

Finding no error in the record the judgment of the circuit court is affirmed.

FULLER, J., dissenting.