## STATE V. SEXTON.

1. Where an expert has based his opinion on the recitals of a particular medical work, an objection to the subsequent admission of it as incompetent and immaterial is insufficient, though it was inadmissible, on a proper objection, as hearsay evidence.

2. An instruction that, in the absence of motive and willful intent to deceive, by testifying falsely to a material fact known at the time to be absolutely false, discrepancies, though material, should be attributed to mistake, and the maxim, "False in one thing; false in all things," should not be applied, is not erroneous.

(Opinion filed July 14, 1897.)

Error to Minnehaha county court. Hon. W. A. WILKES, Judge.

Edward J. Sexton was convicted of bastardy, and brings error. Affirmed.

The facts are stated in the opinion.

*A. B. Kittredge* and *Ballantyne*, for plaintiff in error.

While an expert witness can state facts which are the result of his scientific knowledge, or professional skill, he cannot give the opinions of other experts embodied in medical or other scientific books. People v. Millard, 53 Mich. 75; Boyle v. State, 57 Wis. 476; Luning v. State, 2 Pin. 284; People v. Hall, 48 Mich. 490; Pinney v. Cahill, 48 Mich. 586; Com. v. Sturtivant, 117 Mass. 139; City of Bloomington v. Shrock, 110 Ill. 219; People v. Goldenson, 76 Cal. 348; Epp v. State, 102 Ind., 549; Com. v. Brown, 121 Mass. 81. The maxim *"Falsus in uno, falsus in omnibus,"* should be qualified by the words "unless corroborated by other credible evidence in the cause, or by facts and circumstances proved in the trial." Peek v. The People, 76 Ill. 289; Blanchard v. Pratt, 37 Ill. 246; Meixsell v. Williamson, 35 Id. 529; Crabtree v. Hogenbaugh, 25 Ill., 219; Angelo v. Faul, 85 Id., 106; People v. Petmeky, 99 N. Y. 420; Argobright v. State, 69 N. W. (Neb.) 102; Little v. Railroad, 88 Wis. 402; Cahn v. Ladd, 68 N. W. 652.

*C. P. Bates* and *D. J. Conway*, for defendant in error.

FULLER, J. This proceeding based upon the bastardy act, was instituted and prosecuted in the name of the state, upon the sworn complaint of the mother of an illegitimate child; and a trial of the issues of fact to a jury resulted in a verdict in which it was found that the defendant is the father of said child, and upon which judgment was entered requiring the defendent to pay $200 into the county court for its support and maintenance for the first year of its existence, and $100 annually for 12 succeeding years thereafter, together with the costs of the action. A motion for a new trial was overruled, and the defendent brings this cause to this court for review on writ of error.

Upon the direct examination of Dr. Tufts, who was shown to possess the requisite qualifications of a medical expert, and after he had, in effect, testified· that calculating from the last day of menstruation, 280 days is the average time from the day of conception to the day of the birth of a mature child, a table disclosing similar information contained in a standard medical work produced by the witness was offered and received in evidence on the part of plaintiff, over defendant's objection that the same was immaterial." The witness was further interrogated in part as follows:  "Q. Do you know what the records of the medical profession and medical authorities consider the lowest time at which a fully developed child can be born? State the time in days.  (Defendant's counsel objected, as incompetent and immaterial.  Objection is overruled. Defendant's counsel excepted.)  A. In the tables that I have given, from 255 to 315 days.  They are all supposed to be well developed, mature children."  The admission of this evidence is assigned and urged as error, for which the case must be reversed.  When it is disclosed that an expert has based an opinion, expressed on direct examination, upon the recitals of a particular medical work, reference may in some instances be had thereto on cross examination, as a means of testing his knowledge, and determining the value of such opinion; but the weight of current authority is clearly against the admission of scientific books as evidence of an issuable fact which may be established by the testimony of an expert.  2 Rice Ev. 1254; 8 Enc. Pl. & Prac. 768.  When properly objected to the hearsay character and uncertainty of a medical work, the author of which being neither sworn nor cross-examined, is sufficient to exclude the book and all detached portions thereof, such as the table before us; but the objection, as made in the court below, is too general and wholly insufficient to present any question on appeal.  Bank v. Sherman (S. D.) 70 N. W. 647.  As the answer to the above question, over a general objection, merely directed attention to the tables already

in evidence, and to the introduction of which no valid objection was interposed, counsel for the defendant have no just cause to complain. Moreover, as the subject of inquiry is a matter of common knowledge, pertaining to the course of nature, of which courts will take judicial notice, no proof as to the ordinary period of gestation was necessary. I Rice, Ev. 20; Beck, Med. Jur. 356; 1 Whart. Ev. 334; Reyn. Steph. Ev. (3d Ed.) 77.

After translating the maxim, "*Falsus in uno, falsus in omnibus,*" the court elucidated its legal application by charging the jury as follows: "If the circumstances respecting which testimony is discordant be immaterial, and of such a nature that mistakes may easily exist, and be accounted for in a manner consistent with the utmost good faith and probability, there is much reason for indulging the belief that the discrepancies arise from the infirmity of mind, rather than from deliberate error. If, however, a witness, with intent to deceive, falsely testifies as to a material fact, which the witness knows to be absolutely false, then you can apply to the testimony of the witness the maxim, '*Falsus in uno, falsus in omnibus.*' If you find that either one of these parties, the complaining witness or the defendant, has falsely and intentionally testified to a material fact in this case, which is not true, that this has been done intentionally, falsely knowing it to be untrue, you are at liberty to apply this maxim to such testimony." Concerning this cautionary instruction counsel for the defendant contend that the court should have added "unless corroborated by other credible evidence in the cause, or by facts and circumstances proved at the trial." By the foregoing instruction, the jury were, in effect, cautioned that in the absence of motive and willful intent to deceive, by testifying falsely to a material fact known at the time to be absolutely false, discrepancies, though material, should be attributed to mistake, misapprehension, or the infirmity of the mind, and, when thus accounted for, the maxim, "False in one thing, false in all things," should not be applied. While the credibility of a witness is a matter exclus-

ively for the jury, and a province upon which the court must not trench, a well-guarded advisory instruction relating to the power of a jury to wholly discredit a ,witness who has knowingly and purposely testified falsely to a material fact is clearly within the exercise of a sound judicial discretion, and well supported by both reason and authority. Minich v. People (Colo. Sup.) 9 Pac. 12; Fraser v. Haggerty (Mich.), 49 N. W 616; People v. Sprague, 53 Cal. 491; Wilkins v. Earle, 44 N. Y. 172; People v. Moett, 58 How. Prac. 467; The Santissima Trinidad, 7 Wheat. 283; 2 Thomp. Trials, 2423. As the language employed in no manner invaded the rights of the jury, but left each member thereof entirely free to deal according to the dictates of conscience, morality, and justice with the testimony of the various witnesses, the court did not err by omitting to modify the instruction with the phrase ''unless corroborated by other credible evidence in the cause, or by facts and circumstances proved at the trial.''

It is further contended that the instruction under consideration is fatally erroneous for the reason that the court directed the attention of the jury to the credibility of particular witnesses; and while the practice is never entitled to judicial encouragement, and the ,authority of the court to single out a witness or witnesses upon either side is exceedingly doubtful, it will be noticed that the cautionary instruction before us related alike to the complainant and the defendant, one of whom the jury was bound to disbelieve, as their testimony was at variance upon every material point. As the expression, ''If you find that either one of these parties, the complaining witness or the defendant, has falsely and intentionally testified,'' etc., could have no tendency to convey to the minds of the jury the slightest impression as to which of the parties designated the judge was disposed to believe, the reason for the rule has no application to the circumstances of this case, and the defendant was not prejudiced by the instruction. There being no reversible error in the record, the judgment of the trial court is affirmed.