STATE, Respondent, v. WILEY, Appellant.

(216 N. W. 866.)

(File No. 6372. Opinion filed December 20, 1927.)

*P. A. Hosford,* of Winner, for Appellant.

*Buell F. Jones,* Attorney General, and *Raymond L. Dillman,* Assistant Attorney General, for the State.

MORIARTY, C. The appellant, Alva Wiley, was tried on an information charging him with having committed an assault with a dangerous weapon.

Evidence was introduced by the state to show that the de-

fendant, with a shotgun in his hands, advanced toward an automobile occupied by Tom Bowles and Lily Bowles, his wife, and aimed the gun at Mrs. Bowles in a threatening manner. The defendant testified that the gun was not loaded at the time, and there was no other evidence on that point. The undisputed evidence shows that the defendant did not approach nearer to the Bowles car than about 20 feet.

In his instructions to the jury the trial court included an instruction that:

"The mere pointing of a gun in a threatening manner at any person or persons would not constitute the crime charged in this information, unless the person so having said gun is within striking distance of the person or persons so threatened, if any, so that the gun could be used to inflict an injury by striking, or, if out of striking distance, unless the gun was at the time loaded."

And also the further instruction that:

"Included in the crime charged in the information there is a lesser offense of simple assault which the court will submit to the jury. Simple assault could be committed by a mere attempt or offer with a shotgun whether loaded or not to do a corporal hurt to another, if within ordinary shotgun range, near enough to put the person assaulted, if any, in fear or injury."

To each of these instructions the defendant entered timely exceptions.

The jury found the defendant guilty of simple assault, and from the judgment entered upon that verdict and an order denying a new trial the defendant appeals.

In his argument appellant's counsel makes the following statement:

"The entire appeal is based upon one proposition, and but one proposition is involved for consideration, and all of the assignments involve the one question, which is as follows:

"Upon a charge of assault with a dangerous weapon, may a defendant be convicted of the crime of simple assault where the evidence in the case discloses that the defendant did not come within striking distance of the assaulted party, and the dangerous weapon was not in condition to be used as a weapon of offense unless used as a bludgeon?"

Section 4077 of the Revised Code 1919 defines assault as follows:

"An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another."

The appellant's counsel cites numerous decisions holding that to constitute an assault the attempt or threat must be coupled with the present ability to do the injury attempted or threatened.

The text-writers and the courts give us two distinct definitions of assault, one being that of our section 4077, R. C., and the other requiring the attempt or offer to be coupled with present ability to do the corporal injury threatened. Where present ability to do the hurt is included in the statutory definition of assault, the facts shown by the record in the instant case would not be held sufficient to sustain a conviction of assault. But where the statutory definition is like our section 4077 and does not include the requirement of "present ability," the facts here presented are held to support a conviction.

The decisions relied upon by the appellant are either from courts of states where the statutory definition includes the element of present ability, or where there is no definite statute excluding that element.

Our statute puts us in line with those courts which are limited by statutes similar to ours, or which, without statutory limitation, have adopted a definition of assault similar to that of our statute.

Our statutory definition of assault makes the instructions of the trial court correct and the evidence sufficient to support the verdict and the judgment. Section 4077, Revised Code of 1919; Bishop's Criminal Law (8th Ed.) §§ 23, 32; Clark v. State (Okl. Cr. App.) 106 P. 803; Commonwealth v. White, 110 Mass. 407; Price v. United States (C. C. A.) 156 F. 950, 15 L. R. A. (N. S.) 1272, 13 Ann. Cas. 483.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.

CAMPBELL, P. J., concurs in result.