STATE, Respondent, v. MIER, Appellant

(55 N. W.2d 74)

(File No. 9311.  Opinion filed October 13, 1952)

**John Carl Mundt,** Sioux Falls, for Defendant and Appellant.

**Harry J. Eggen,** De Smet, **Ronald R. Johnson,** De Smet, **Ralph A. Dunham,** Atty. Gen., **Phil Saunders,** Asst. Atty. Gen., for Plaintiff and Respondent.

RUDOLPH, J.   The defendant was tried under an information charging an assault with a dangerous weapon. The jury returned a verdict guilty of simple assault and defendant has appealed.

The facts established are as follows, when viewed in the light of the testimony most favorable to the verdict. Defendant had rented a farm from Theodore Johnson.   There was no written lease.   In August when defendant started combining the grain he called Johnson, advised him of this fact, and asked him to come to the farm and haul away his share of the grain.   Johnson and his son Erling went to the farm and a dispute arose between them and defendant and his son regarding who should haul Johnson's share of the grain.   The dispute developed into a fist fight.   The Johnsons left and reported the incident to the State's Attorney, who contacted the sheriff and advised him to investigate. The sheriff together with the Johnsons went to the farm in the sheriff's car.   Defendant was combining and as the sheriff's car approached the combine was stopped.   The sheriff drove to eight or ten feet from the tractor.   He testified as follows:

"As I opened the car door and started to get out Mr. Mier grabbed the firearm,—pointed the gun at me and told me to get in my car and get to going, which I did."
The sheriff and the Johnsons testified that no word was spoken by either of them, and that neither of the Johnsons got out of the car.   The sheriff further testified regarding the defendant's actions and appearance as he pointed the gun—

"The blood ran right out of his face and he was white and he looked right at me.   Looked to me like he meant business and I thought it time for me to get going, which I did.   I was scared,—I thought it about time for me to get going before I got shot."

In view of the jury's verdict of simple assault, we accede to appellant's contention that the evidence establishes the gun was not loaded.

■■■ The appellant has presented twenty-five assignments of error. Several of the assignments question the court's interpretation of the law relating to an assault with a dangerous weapon, but inasmuch as the jury returned a verdict of simple assault these assignments relate to no error prejudicial to defendant. A number of assignments may be disposed of by restating established law in this state, as follows: The circuit court has jurisdiction to hear and try a case for simple assault. State v. Finder, 10 S. D. 103, 72 N.W. 97. A defendant may be charged and tried for an assault with a dangerous weapon and found guilty of a simple assault. State v. Finder, supra; State v. Wiley, 52 S. D. 110, 216 N.W. 866. SDC 13.2401 defines assault as follows:

"An assault is any willful and unlawful attempt * * * to do a corporal hurt to another."

Under this statutory definition the pointing of an unloaded gun at another is an assault if the person at whom the gun is pointed had reasonable cause to believe it was loaded, and was put in fear of immediate bodily injury therefrom, under circumstances which would produce fear in the mind of an ordinary man. State v. Wiley, supra.

■■ The appellant throughout the trial insisted and in this court contends that if an assault were committed it was justified. SDC 13.2402(3) provides than an assault is not unlawful, "When committed either by the party about to be injured, * * * in preventing or attempting to prevent an offense against his person or any trepass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense".

On this issue the court instructed the jury as follows:

"It is lawful for a person who is being assaulted, or has reasonable grounds for believing that bodily injury is about to be inflicted upon him to stand his ground and defend himself from such attack, and to do so he may use all the force

and means which he believes to be reasonably necessary and which would appear to a reasonable person in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent."

This instruction correctly stated the law. State v. Bell, 38 S. D. 159, 160 N.W. 727.

■■ However, it is also established in this state that while it is incumbent upon the defendant to show justification this does not mean that he must prove such defense beyond a reasonable doubt, but only that his evidence must be sufficient to create or leave in the minds of the jury a reasonable doubt as to whether he was justified in committing the assault. State v. Wilcox, 48 S. D. 289, 204 N.W. 369. This rule of law was brought to the trial court's attention by defendant's requested instructions which were refused. We have carefully considered the court's instructions and fail to find specific reference to this rule which requires an acquittal if defendant's evidence is sufficient to create a reasonable doubt as to justification. The court did instruct the jury that the burden was upon the state to prove beyond a reasonable doubt every material fact necessary to constitute such offense. The jury was further instructed as follows, "if after a full and fair consideration of all the evidence in the case you are satisfied beyond a reasonable doubt that at the time and place alleged in the Information that the defendant willfully and unlawfully attempted or offered, with force or violence to do corporal hurt to the person of Robert LaBore, you should find the Defendant guilty of the offense of simple assault." There is no mention in this final instruction of defendant's claim that what he did was justified in view of the circumstances as they appeared to him at the time, except, as reference to such defense is contained in the words "willfully and unlawfully", but this we do not believe is sufficient when the court is requested to instruct specifically upon the defense of justification, and the degree of proof required of the defendant to sustain such defense.

■ We believe the facts in this case are such that the omission of the trial court to instruct in this regard must be held prejudicial to defendant. The evidence supporting the

state's contention that defendant knew that the man at whom he pointed the gun was the sheriff is meager. Defendant, shortly before, had the fight with the Johnsons. They returned with a third man, and if defendant did not realize this third man was the sheriff, the claim of defendant that he thought the fight was to be continued and that he should defend himself does not seem unreasonable.

The judgment appealed from is reversed.

All the Judges concur.