**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Walter E. TIEDEMAN, Defendant and Appellant.**

**No. 11915.**

Supreme Court of South Dakota.

Argued March 23, 1977.

Decided Feb. 22, 1978.

Doyle D. Estes, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Sidney B. Strange, of Strange, Breit & Strange, Sioux Falls, for defendant and appellant.

PORTER, Justice.

## CASE SUMMARY

The defendant, Tiedeman, in this case appeals from his conviction of assault with a dangerous weapon and assault and battery, because the trial court denied his motion for a directed verdict and refused his proposed jury instruction defining "offer" as used in SDCL 22–18–1. We affirm the conviction.

## FACTS

At approximately 11:30 p. m. on October 4, 1975, Mrs. Judy Watts was alone at her father-in-law's home in Vermillion, South Dakota. She heard the back door open and the defendant, Tiedeman, walked into the room. Mrs. Watts did not know him, but he told her that a friend had said he could stay there. She asked him if he was her brother-in-law's friend and he said he was. They conversed until he lay down in front of her chair and grabbed her ankle and wrist. She pulled away, ran into the kitchen, and asked him to leave. He refused and finally lay down on the kitchen floor in front of the refrigerator just as Judy's husband, John Watts, and his brother, Mike, arrived at the front door. Judy told John about defendant's presence, and his strange behavior. John entered the kitchen, kicked defendant, who was still lying on the floor, and told him to leave. John and defendant scuffled and Mike hit defendant twice with a rifle butt as John's other brother, Bob, came in the back door. Defendant ran out the front door and began slashing automobile tires with a knife. John called the police and went outside; Mike and Bob followed him, each armed with shotguns. They told defendant to stay away from the vehicles. Defendant said that he did not like the way they were treating him and began approaching John with an open knife in his hand. As defendant approached, John retreated. Judy yelled that defendant had a knife; John told her he had already seen it, but his brother had a shotgun. When defendant was informed that John's brother had a shotgun he headed back toward the street. He started walking up the road just as officers from the Vermillion Police Department arrived and took him into custody. John spent the night in the hospital for the sore jaw and dislocated shoulder he received in the scuffle with defendant.

Defendant was charged with burglary, assault and battery, and assault with a dangerous weapon. At the trial he testified that he had been drinking alcoholic beverages all afternoon and evening and that he remembered none of the events concerning which the others testified. The jury found defendant not guilty of the burglary charge, and guilty of assault and battery and assault with a dangerous weapon.

## ISSUES

The issues presented to us on appeal are as follows:

*Issue One*—Did the trial court err by denying defendant's motion for a directed verdict on the charge of assault with a dangerous weapon?

*Issue Two*—Did the trial court err in refusing defendant's proposed jury instruction defining an "offer" as used in SDCL 22–18–1?

## DECISION

### ISSUE ONE

We conclude that the trial court correctly denied defendant's motion for a directed verdict on the charge of assault with a dangerous weapon.

It is a settled rule that this court on appeal will not disturb a jury's finding unless it can say that the evidence as a matter of law is insufficient to justify the verdict. *State v. Olson*, 83 S.D. 493, 161 N.W.2d 858 (1968); and *State v. McFall*, 75 S.D. 630, 71 N.W.2d 299 (1955). On an appeal challenging the denial of a motion for directed verdict we view the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the verdict. *State v. Best*, S.D., 232 N.W.2d 447 (1975).

 The elements of assault with a dangerous weapon which the State was required to prove were:

1. That defendant committed an assault upon John Watts;
2. That the assault was committed with the specific intent to do bodily harm and without justifiable or excusable cause; and
3. That the instrument used by defendant in committing the assault was a sharp or dangerous weapon. SDCL 22–18–11, as it existed at the time of this action.

At the trial several witnesses testified that defendant approached John Watts with an open knife. Although defendant and his friend testified that they had been drinking all afternoon and evening the other witnesses all testified that they smelled no alcohol on defendant's breath. Defendant argues that because of this conflicting testimony the State failed to prove specific intent to do bodily harm, and therefore the motion for a directed verdict should have been granted. We disagree with his contention. "When the state has introduced evidence upon which, if believed by a jury, they may reasonably find the defendant guilty of the crime charged, the state has made out a prima facie case, and the jury, not the judge, ought to pass upon it." *State v. Nelson*, 80 S.D. 574, 575–76, 129 N.W.2d 54, 55 (1964). If the jury believed the facts as presented by the State in this case, it could reasonably have found that when defendant approached John Watts with the knife, he had the specific intent to do bodily harm. *See United States v. Mesteth*, 528 F.2d 333 (8th Cir. 1976). We conclude, therefore, that it was correct for the trial court to submit the case to the jury. The motion for a directed verdict was properly denied.

### ISSUE TWO

 We conclude that the trial court correctly refused defendant's proposed jury instruction defining an "offer" as used in SDCL 22–18–1.* The requested instruction was as follows:

> An "offer" with force or violence to do corporal hurt to another is a criminal act within the meaning of the statute if it places another person in reasonable apprehension of receiving an immediate battery. An "offer" which does not create reasonable apprehension of receiving an immediate battery is not a criminal act.

Although the trial court denied the requested instruction defining offer, the jury was instructed on the statutory definition of assault as "any willful and unlawful attempt or offer, with force or violence, to do corporal hurt to another." SDCL 22–18–1. Since there is no South Dakota Pattern Jury Instruction defining "offer" and defendant refers us to no case law supporting this allegation of error, the key question is whether the trial court abused its discretion in refusing to give the instruction. As an offer to commit a battery, an assault is completed when the object of the offer is put in fear of immediate bodily injury un-

---

* SDCL 22–18–1, as it existed at the time of this action, provided:

An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. A battery is any willful and unlawful use of force or violence upon the person of another.

der circumstances which would produce fear in the mind of an ordinary man. *See State v. Mier*, 74 S.D. 515, 55 N.W.2d 74 (1952); and *State v. Wiley*, 52 S.D. 110, 216 N.W. 866 (1927). Arguably, defendant's concern over the denial of this instruction goes to the question of whether John Watts was "in reasonable apprehension of receiving an immediate battery" when defendant was waving the knife at him, in light of the fact that John's two brothers were standing behind John with shotguns. The circumstance that John's brothers might have been able to stop defendant by shooting him does not as a matter of law foreclose a reasonable inference by the jury that John was nonetheless in apprehension of harm from the knife in defendant's hand. The jury was adequately apprised that there must be an offer or attempt to do corporal hurt to John, and on the record before us, the jury could properly find against defendant, as it did. The instructions given to the jury properly stated the law applicable to the offenses with which defendant was charged. Moreover, the instruction proposed by defendant defining "offer" was, at most, incorrect and at least incomplete, for failure to utilize the "ordinary man" standard. *See State v. Mier, supra.* We conclude, therefore, that the trial court did not abuse its discretion by denying defendant's requested instruction defining "offer" as used in SDCL 22–18–1.

The conviction of defendant for assault with a dangerous weapon and assault and battery must, therefore, be affirmed.

DUNN, C. J., and WOLLMAN and MORGAN, JJ., concur.

ZASTROW, J., dissents.

ZASTROW, Justice (dissenting).

I dissent.

The instruction requested by the defendant should have been given. The evidence shows that the defendant had been kneeling near the tire of the Watts' vehicle which he had just slashed. When Watts came out of the house onto the porch, the defendant stood, advanced toward Watts, flicking, flipping or shaking the knife in his left hand. The defendant came no closer than twenty feet of Watts who was flanked by his two brothers who were armed with shotguns.

*State v. Mier*, 74 S.D. 515, 55 N.W.2d 74, and *State v. Wiley*, 52 S.D. 110, 216 N.W. 866, require that the victim of an assault must be put in fear of immediate bodily injury under circumstances which would produce fear in the mind of an ordinary man. The defendant's instruction sufficiently apprised the trial court of the proper rule of law. Since the instructions given by the trial court in no way advised the jury of that requirement, an instruction incorporating that principle should have been given. See *Schmidt v. Wildcat Cave, Inc.*, 1977, S.D., 261 N.W.2d 114. Since a factual question of whether Watts was in fear of immediate bodily injury was presented, failure to give the instruction under the evidence of this case was reversible error.