No. 2472.

Sam Murchison *v.* The State.

Intoxication in a Public Place—Terms Defined—Information— "Public Place," as that term is used in article 144a of the Penal Code, denouncing a penalty for intoxication in a public place, does not mean a place devoted solely to the uses of the public, but it means a place which,

in point of fact, is public, as distinguished from private, a place that is visited by many persons, and that is usually accessible to the neighboring public. A grand jury room, during the session of the grand jury, is, under the above definition, *held* to be a public place; and an information so charging it is good. See the opinion in extenso on the question.

APPEAL from the District Court of Nacogdoches. Tried below before the Hon. J. I. Perkins.

The opinion sufficiently discloses the case. The penalty assessed against the appellant was a fine of ten dollars.

*George F. Ingraham,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. In substance the information and complaint charge that the defendant was found in a state of intoxication in the grand jury room, the grand jury being in session in said room at the time, and that said grand jury room was then and there a public place. Exceptions to the information, and also a motion in arrest of judgment based upon the insufficiency of the information, were overruled.

It is contended by counsel for the defendant that, notwithstanding the information and complaint allege that the grand jury room was a *public place,* it also alleges a fact which shows that it was not a public place, to wit, that the grand jury *was in session therein,* which fact constituted said room a *private place,* and that therefore said information and complaint do not charge any offense. In the statute upon which said information and complaint are founded, a *public place* is not defined. (Penal Code, article 144*a.*) With reference to some other offenses we find a statutory definition of the term "public place." (Penal Code, article 315; acts Eighteenth Legislature, page 12.) But this statutory definition is limited to the particular offenses to which it relates, and can not be considered as determining the meaning of the term "public place" as used in the statute we are considering.

In the statute punishing gaming this same term is used without being defined expressly and fully. Under that statute it has been held that the term "public place" does not mean a place devoted solely to the uses of the public; but it means a place which in point of fact is public as distinguished from private,—

a place that is visited by many persons, and usually accessible to the neighboring public. And it has been further held that whether or not a place is a public place, in contemplation of the statute, is a question of fact, or a mixed question of law and fact, for the determination of the jury under proper instructions from the court. (Parker v. The State, 26 Texas, 204; Elsberry v. The State, 41 Texas, 158.)

We think the definition of the term given in the decisions above cited is applicable to the term as used in the statute before us. Taking this definition for our guide we are clearly of the opinion that a grand jury room, while the grand jury is in session therein, is a public place. Such room is not only for the time being devoted solely to the public use, but it is a place that is visited by many persons, and is usually accessible to the neighboring public for the purpose of transacting the public business. Not only do the members of the grand jury, the county and district attorney and the bailiff, assemble and visit there in the discharge of their public duties, but numerous other persons visit the place as witnesses, either voluntarily or in obedience to process.

The object of this statute is to prevent intoxication at places which are within the observation of persons indiscriminately, because of the consequences·resulting from evil example. It would certainly not be in furtherance of the accomplishment of this object to hold that a grand jury room, while the grand jury was in session, was not a public place, when the fact is that the young as well as the aged, the female as well as the male—all persons indiscriminately—not only visit such place voluntarily, but are compelled to go there by the process of the law. That the jurors and witnesses are required to take an oath that they will not divulge the proceedings of the grand jury, and that the deliberations of the grand jury are secret (Code Criminal Procedure, articles 384-393-407) can not be held to make the grand jury room a private place. It is the *proceedings* and the *deliberations* of the grand jury upon which these provisions of the statute place the seal of privacy, and not the *room* or *place* where such proceedings and deliberations take place.

We hold that the complaint and information are sufficient, and, there being no other question in the case, the judgment is affirmed.

*Affirmed.*

Opinion delivered October 12, 1887.