ELLIS, Respondent, v. ARCHER, Appellant.

(161 N. W. 192.)

(File No. 3928.    Opinion filed February 3, 1917.)

1. **Assault and Battery—Damages—Action Against City Marshall— Arrest for Intoxication, Interfering With—Statute—Instructions—Prejudicial Error.**

Where, in a suit for damages arising from an assault and battery committed upon plaintiff by defendant city marshal, plaintiff's evidence tending to show an unjustifiable attack upon him by defendant, defendant's evidence showing that he beat and struck plaintiff, but tending to show that one S. was intoxicated, that defendant saw S. walking from an alley to an open doorway in a barn fronting on the public highway, and that while defendant was attempting to arrest him, plaintiff interfered and attacked defendant, **held,** that an instruction which left to the jury the question as to whether or not S., if intoxicated, was then in a public place, was erroneous, and prejudicial. So **held,** under Pen. Code, Sec. 747, providing that every person found intoxicated "in any public place," is punishable, etc.; that the trial court should not only have defined the phrase "public place" but, in view of the undisputed evidence, should have instructed that the place at which defendant found S. was a public place.

**2. Public Place—Public as Distinguished from Private Place—Barn Fronting Highway—Statute Construed.**

Under Pen. Code, Sec. 747, providing that every person found intoxicated "in any public place" is punishable,. etc., held, that a public place within the meaning of this section is a place which in point of fact is public as distinguished from private, or a place visited by many persons and accessible to the neighboring public. Held, further, that the open doorway of a barn fronting upon a public highway was a public place within the meaning of said statute.

Appeal from Circuit Court, Aurora County. ·Hon. FRANK B. SMITH, Judge.

Action by James W. Ellis, against J. A. Archer, to recover damages arising for assault and battery From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

*Fellows & Fellows,* for Appellant.

*Robert Carlson,* and *Spangler & Haney,* for Respondent

(1) To point one of the opinion, Appellant cited: 3 Cyc. 1073, note 78; Thornton v. Taylor, Ky. L. R. 1082, 54 S. W. 16; Higgins v. Minaghan, 78 Wis. 602, 47 N. W. 941, 23 A. S. R. 428, 11 L. R. A. 138.

(2) To point two of the opinion, Appellant cited: 14 Cyc. 1092.

GATES, J. Plaintiff obtained judgment against defendant for $1,500 actual damages and $500 exemplary damages arising from an assault and battery committed upon him by defendant at White Lake, S. D., on November 23, 1913. The defendant was the city marshal. The evidence upon the part of plaintiff tends to show an unjustifiable attack upon plaintiff by defendant. The evidence upon the part of defendant shows that defendant did beat and strike plaintiff, but it tends to show that one S. was intoxicated in a public place, and that while defendant, without a warrant, was attempting to arrest S., the plaintiff interfered and attacked defendant. From the judgment and order denying a new trial, defendant appeals. Many alleged errors are argued, but we do not deem it necessary to consider more than one of them.

The court charged the jury among other things as follows:

"It is contended by the defendant that this man Smart was intoxicated and was committing a breach of the peace when he

went to the livery barn for the purpose of arresting him. That is the question and practically the main and only question for the jury to determine in the case, so far as its merits are concerned. Now a peace officer has a right to arrest any person who is intoxicated in a public place. It doesn't matter how intoxicated a man is in a private place, a peace officer has no business to arrest him or attempt to arrest him or meddle with him in any way. He can get just as drunk as he pleases in a private place, but if he is intoxicated in a public place a peace officer has a right, without a warrant, to take him in custody and place him in jail or other place of safe-keeping. Now what do we mean by intoxicated in a public place? The mere fact that a man has been drinking is not sufficient to authorize or warrant a police officer in arresting him. Not only must he have been drinking, but his intoxication must be to such extent and to such a degree as to be obnoxious and distasteful or shocking to the more respectable members of the community. In other words, it must be to such an extent that he can be said to be an ordinary public nuisance, something which is contrary to the general order and comfort and peace of the public. That is what is generally meant by being intoxicated in a public place. The mere fact that he was drinking or had drunk some is not sufficient. The intoxication must be to the degree which I have defined to you in order to warrant or authorize a police officer in arresting him or taking him into custody. Now it will be for you to determine, of course, whether or not this man Snart was intoxicated in the first place; whether he was intoxicated or not in a public place. If you believe from all of the evidence, that is, that the evidence shows by a fair preponderance of it that he was intoxicated in a public place, then this defendant had a right to arrest him and take him into custody, and no one would have any right to interfere with this arrest. If, while attempting this arrest, any person interferes, either by threats or demonstration, or otherwise undertakes to prevent the peace officer from making the arrest, then the peace officer may repel such interference with his authority and use such force as is reasonably and apparently necessary in order to prevent such interference and accomplish the arrest which he is undertaking. * * * If the evidence fails to show by a fair preponderance of it that he was intoxicated in a public

place, then so far as that branch of the case is concerned the defendant had no right to attempt to arrest him, and if he did attempt to arrest him and take him into custody he became a trespasser and was responsible for the consequences of such acts or such injury as he committed upon the person about to be arrested or any other person who was attempting to prevent the arrest."

Defendant made the following exception to this instruction:

"The defendant excepts to the statement of the court that it doesn't matter how intoxicated a person becomes in a private place and his reference to being drunk in a private place without defining the difference between a private and public place as misleading."

The evidence is undisputed that S. was teasing a little boy in a public alley in front of a public livery stable. Defendant saw S. walking from the alley to the barn, and when defendant came to the barn S. was leaning in the open doorway against the north side of the barn door which opened to the west towards the alley. This happened in "broad daylight."

[1] We are of the opinion that the court committed prejudicial error in leaving to the jury the question as to whether or not S. if intoxicated, was then in a public place. The statute (section 747, Pen. Code) provides as follows:

"Every person being found intoxicated in any public place, is punishable, upon conviction before a justice of the peace, by a fine of ten dollars."

[2] A public place within the meaning of this section is a place which in point of fact is public as distinguished from private—a place that is visted by many persons and is accessible to the neighboring public. Murchison v. State, 24 Tex. App. 8, 5 S. W. 508; Words and Phrases, First and Second Series, "Public Place"; 14 Cyc. 1092; 32 Cyc. 1249. Surely the open doorway of this barn was a public place within the meaning of that statute.

Not only should the trial court have given a definition of the phrase "public place," but in view of the undisputed evidence, it should have instructed the jury that the place at which the defendant found S. was a public place. This failure could scarcely have failed to operate to the prejudice of defendant. The

jury had no lawful right to determine for itself whether or no the place was public.

For these reasons, the judgment and order appealed from are reversed, and the cause is remanded for a new trial.