

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 27, 1949

Hon. Bob Long,
District Attorney
Travis County
Austin, Texas

Opinion No. V-939

Re: The legality of consuming
liquor at a club reserved
for members and their
guests by a member there-
of between the hours of two
and three o'clock a.m. under
submitted facts.

Dear Sir:

Your request for an opinion reads in part as follows:

"Mr. Jones is a member of a private club with down-town club rooms. The club is open to members only, except that the members may bring invited guests with them, and no one else is allowed in the club. The club members are charged annual dues, except for the first twenty members that joined the club. All new members are admitted to the club only upon the recommendation of at least one present member.

"The club does not have a liquor permit or beer license, and does not sell intoxicating liquor or alcoholic beverages of any kind. A member in good standing goes to the club at approximately two o'clock a.m. on Tuesday morning. He takes to the club with him a quart of liquor. He places the liquor on the table and orders Ginger Ale and ice and a glass from the manager of the club, for which he pays the club for the ice and Ginger Ale. The member mixes his own drinks and consumes the liquor on the premises. The member stays there and has several drinks of liquor between the hours of two o'clock a.m. and three o'clock a.m. on the Tuesday morning in the club."

Based upon the above facts you present for our determination the following question:

"Question: Did the consumption of the liquor by the member in the private club of which he was a member in good standing between the hours of two o'clock a.m. and three o'clock a.m. on Tuesday morning take place in a public place within the meaning of Subdivision (1) of Section 4(a) of Art. I of the Texas Liquor Control Act . . . or did the consumption of the liquor by the member take place in a private place and/or private club?"

We assume that the facts and question presented relate to the prosecution or defense of some contemplated action in the district or inferior courts of Travis County rather than to some hypothetical situation, and is therefore a proper request for the Attorney General to consider under Article 4399, V.C.S.

Article 666-4 (c) (1), Vernon's Penal Code provides that:

"It shall be unlawful for any person to consume any alcoholic beverage in any public place, or for any person to possess any alcoholic beverage in any public place for the purpose of consuming the same in such public place, at any time on Sunday between the hours of 1:15 a.m. and 1:00 o'clock p.m., and on all other days at any time between the hours of 12:15 a.m. and 7:00 o'clock a.m."

Neither the Texas Liquor Control Act nor the cases decided under such Act have defined what is meant by the term "public place." No definition of such term was announced in the recent case of Suburban Club, Inc. v. State, 222 S.W.2d 321, (Tex. Civ. App., 1949, error ref. n.r.e.). Such being true we must look to those cases dealing with the meaning of "public place" as used in various other statutes to determine if the term is capable of an exact and standard definition, or whether it is a flexible term dependent upon the particular facts and circumstances in each individual situation.

In the early cases of State v. Alvey, 26 Tex. 155 (1861) and Parker v. State, 26 Tex. 204 (1862), both of which involved the question of what constituted a public place in contemplation of the gaming laws, it was recognized that the question was an issue of fact to be decided by the jury under proper instructions from the court. In the latter case the court tersely stated that:

"Whether a place is a public place or not. . . is a question of fact, or a mixed question of law and fact, and is always proper to be submitted to the jury, under the instruction of the Court."

The court in the Parker Case, pointed out "that a public place does not mean a place devoted solely to the uses of the public, but means a place which is, in point of fact, public as distinguished from private," and further, that "a place may be public during some hours of the day, and private during other hours." Also, in determining whether a particular place is public or private in a given situation it is necessary and proper to consider the object of the particular statute under consideration and the end sought thereby. Parker v. State, supra.

Subsequent cases involving the issue of public place where it has been left undefined by the statute have recognized the rule that it is a question of fact. Murchison v. State, 5 S.W. 508, (Tex. Crim. 1887), involving a conviction for intoxication in a public place; January v. State, 146 S.W. 555, (Tex. Crim. 1912), involving a conviction for intoxication in a public place; Grant v. State, 27 S.W. 127, (Tex. Crim 1894), involving the question of whether a clubroom was a public place within the statute prohibiting gaming with cards; Huffman v. State, 92 S.W. 419, (Tex. Crim. 1906), involving a complaint with reference to use of obscene language in a public place; Pugh v. State, 117 S.W. 817, (Tex. Crim. 1909), involving intoxication in a public place.

The above cases clearly reflect that there is no standard definition of a "public place" where it is not defined in the particular statute. Furthermore, these cases emphasize that it is necessary to consider the different circumstances presented in each fact situation in determining the question of fact as to whether the particular place is in fact "public." Being a question of fact, it does not necessarily follow that the club in question is not a "public place" within the meaning of the liquor laws merely because it is a private club open only to members and their invited guests. A determination of the issue will depend upon all the facts and circumstances surrounding the operation of the club, and the Attorney General cannot advise you that the club is or is not a public place within the meaning of the liquor laws because that issue is for the jury to decide under proper instructions from the court.


## SUMMARY

Whether a place is a "public place"
within the meaning of the Texas Liquor Control

Act (Art. 666-1 et seq., V.P.C.) is a question of fact to be determined by the jury under proper instructions from the court.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By     Charles D. Mathews,
Executive Assistant

CDM:v

APPROVED:

ATTORNEY GENERAL