

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 19, 1963

Hon. Bill F. Griffin, Jr.          Opinion No. C-39
County Attorney
Shelby County                      Re:  The legality of certain ex-
Center, Texas                           penditures by Shelby County
                                        and whether those expendi-
                                        tures may be paid out of the
Dear Mr. Griffin:                       Permanent Improvement Fund.

        Reference is made to your request which reads in part
as follows:

        "Shelby County, Texas, by and through its
    Commissioners Court, is interested in investing
    the sum of $1,200.00 in connection with the em-
    ployment of Forrest and Cotton, Inc., Consult-
    ing Engineers and Marvin Springer & Associates,
    Urban Planning and Development Consultants for
    the purpose of developing a planning program for
    the Shelby County Area, primarily concerning the
    development of areas surrounding the proposed
    Toledo Bend Reservoir. . . .

        ". . .

        "I would like to have the benefit of your
    views concerning the legality of such an expendi-
    ture on the part of Shelby County. . . .

        "Assuming that such an expenditure by Shelby
    County would be legal, our first question is
    whether same could be paid out of the Permanent
    Improvement Fund of Shelby County. . . ."

        The decisions of the Texas courts have repeatedly held
that the Commissioners' Court is a court of limited jurisdiction
and has only such powers as are conferred upon it, either by ex-
press terms or by necessary implication, by the statutes and Con-
stitution of this State. Childress County v. State, 127 Tex. 343,
92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.
Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.
App. 1925); Article 2351, Vernon's Civil Statutes; 11 Tex.Jur.
632, Counties, Sec. 95.

-163-

In order for Shelby County to have the authority to make expenditures for the planning of a county development program, there must be a granting of such authority by the Constitution or by the Legislature of the State of Texas. The only statute which would seem to apply to such an expenditure would be Acts 54th Leg., R.S. 1955, Ch. 351, p. 899, which reads in part as follows:

> "'Section 1. That all counties in the State of Texas may appropriate from the General Fund of said counties an amount not exceeding Five Cents (5¢) on the One Hundred Dollars ($100) assessed valuation, for the purpose of advertising and promoting the growth and development of such county; providing that before the Commissioners Court of any county may appropriate any sums for such purpose, the qualified taxpaying voters of said county shall, by a majority vote of the persons voting at such election, authorize the County Commissioners to thereafter appropriate not to exceed Five Cents (5¢) on the One Hundred Dollars ($100) assessed valuation.'
>
> ". . .
>
> "Sec. 2. The authority to levy the tax provided for herein shall be restricted to counties of more than one hundred thousand (100,000) population, according to the most recent United States Census.
>
> "Sec. 3. The authority to appropriate the amount authorized in this bill out of the General Fund shall be restricted to counties of more than fifty thousand (50,000) population according to the last preceding Federal Census."

The manner in which Article 2352d is reported in Vernon's Civil Statutes, Volume 7, is somewhat misleading in that Sections 2 and 3, quoted above, are found in the note following the compilation of Article 2352d rather than as a part of the present statute. Article 2352d, as it was amended and passed by the Legislature in 1955, has two Sections 2, 3, 4, and 5. (Acts 54th Leg., R.S. 1955, Ch. 351, p. 899). The second Sections 2, 3, 4 and 5, are carried in Vernon's Civil Statutes as a note to Article 2352d.

The second Section 2 limits the authority to levy a tax for this purpose to counties of 100,000 population or more,

and the second Section 3 of Article 2352d limits the authority to appropriate funds to counties which have a population in excess of fifty thousand (50,000) according to the last preceding United States Census. The last United States Census was taken in 1960, and at that time Shelby County had a population of twenty thousand, four hundred and seventy-nine (20,479). _Texas Almanac-1961-1962_. Therefore Shelby County would not be included in the authority granted under Article 2352d. We know of no other statute which would grant Shelby County such authority.

Shelby County does not have the authority to expend money for the development of a planning program for the Shelby County Area.

In view of the answer to your first question, it is not necessary to answer the second question posed.

## SUMMARY

Under the facts stated, Shelby County is not authorized to expend money for the development of a planning program for the Shelby County Area.

Yours very truly,

WAGGONER CARR
Attorney General

By Jack Norwood
Jack Norwood
Assistant

JN:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Frank Booth
Howard Mays

APPROVED FOR THE ATTORNEY GENERAL

BY: Stanton Stone