UNITED STATES of America,
Plaintiff-Appellee,

v.

Leon L. BARNETT, Jr., a/k/a Laurie L. Barnett, Jr., a/k/a Lloyd L. Barnett, Jr., Defendant-Appellant.

No. 73–3303

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 15, 1974.

Wayne M. Carroll, Gainesville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., John J. Daley, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Barnett appeals his conviction entered upon a jury verdict of assaulting a federal officer in violation of 18 U.S.C.A. § 111. He complains that the district court refused to instruct the jury that the defendant's knowledge of the federal official's capacity is an essential element of the offense; that the court erred in refusing to instruct that the use of reasonable force in the protection of defendant's property from trespassers is a valid defense; and that the Government's evidence that Barnett had not filed tax returns for 1972 and prior years was irrelevant, immaterial and prejudicial. We disagree and affirm.

Hutchinson, an Internal Revenue officer, went to Barnett's residence to interview him in connection with a levy which had been made on a Mr. Sikes' pay. It was thought by Hutchinson that Sikes might be working for Barnett.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Hutchinson introduced himself to Barnett, who was standing in the front yard of his home, and while opening his file, Hutchinson mentioned the name of Larry Sikes. Barnett exploded violently, using profanity, and knocked Hutchinson to the ground. Nine stitches were required to close Hutchinson's wounds.

■ Barnett's argument that 18 U.S. C.A. § 111 requires *scienter* with respect to the federal officer's capacity to sustain a conviction gives us little pause under the circumstances of this case. We have consistently held to the contrary, beginning with Bennett v. United States, 5 Cir. 1960, 285 F.2d 567, cert. denied, 1961, 366 U.S. 911, 81 S.Ct. 1087, 6 L.Ed.2d 236. *See also,* United States v. Williamson, 5 Cir. 1973, 482 F.2d 508; United States v. Marcello, 5 Cir. 1970, 423 F.2d 993, cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543; United States v. Davis, 5 Cir. 1970, 423 F.2d 974, cert. denied, 400 U.S. 836, 91 S.Ct. 74, 27 L.Ed.2d 69; Pipes v. United States, 5 Cir. 1968, 399 F.2d 471; *cf.* United States v. Young, 5 Cir. 1972, 464 F.2d 160, and Burke v. United States, 5 Cir. 1968, 400 F.2d 866, cert. denied, 1969, 395 U.S. 919, 89 S.Ct. 1771, 23 L. Ed.2d 237.

■■ Equally without merit is Barnett's contention that Hutchinson was a trespasser and that the force used to expel him was reasonable and thus not actionable. It is undisputed that Hutchinson entered the grounds in the line of duty to ask a few simple, official questions and that at all times he was immediately off the shoulder of the road and at a considerable distance from Barnett's house. Giving credence to Barnett's testimony that he asked Hutchinson to leave him alone, the bloody assault took place so quickly that Hutchinson was precluded from leaving immediately. In any event it was not error to refuse to give the requested trespass-reasonable force instruction since the "engaged in the performance of [his] official duties" instruction was given. *Davis, supra,* 423 F.2d at 975; United

States v. Pledger, 5 Cir. 1969, 409 F.2d 1335; Foster v. United States, 5 Cir. 1961, 296 F.2d 65.

■ Finally, even if the question asked Barnett about his failure *vel non* to file tax returns was immaterial, the error was harmless. There is no fact-sufficiency contention on this appeal, and "[t]he evidence of the defendant's guilt is strong, clear and convincing beyond question." *Cf.* United States v. Resnick, 5 Cir. 1974, 488 F.2d 1165.

Affirmed.