STATE of South Dakota, Plaintiff
and Appellee,

v.

Donna Belle OIEN, Defendant
and Appellant.

No. 13098.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided March 4, 1981.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Steven P. Schwafel, Rapid City, for defendant and appellant.

FOSHEIM, Justice.

This is an appeal from the judgment entered upon a jury verdict finding appellant guilty of distribution of a controlled substance. We affirm.

The basic issue on appeal is whether the trial court erred in refusing to instruct the jury that the offense of distribution of a controlled substance necessarily includes the lesser offense of unauthorized possession of a controlled substance and that the jury could find the defendant guilty of such lesser offense.* Appellant was charged with violating SDCL 22–42–2:

Except as authorized by this chapter or chapter 34–20B, *no person shall manufacture, distribute or dispense a substance listed in Schedules I or II*; possess with intent to manufacture, distribute or dispense, a substance listed in Schedules I or II; create or distribute a counterfeit substance listed in Schedules I or II; or possess with intent to distribute a counterfeit substance listed in Schedule I or II. A violation of this section is a Class 4 felony; provided, however, that the distribution of a substance listed in Schedules I or II to a minor is a Class 3 felony. [emphasis supplied]

SDCL 23A–26–8 states:

A defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if such attempt is an offense.

▮ Under the law as established in this state, it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense. *State v. Crofutt*, 76 S.D. 77, 72 N.W.2d 435 (1955). There are two tests that must be satisfied in determining whether the trial court should submit a lesser included offense instruction to the jury. The first is a legal test, the second is factual. We conclude that neither test has been satisfied here.

---

\* SDCL 22–42–5 reads:

No person shall knowingly possess a controlled drug or substance unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by chapter 34–20B. A violation of this section is a Class 6 felony.

In order to meet the legal test of a necessarily included offense, (1) the elements of the included offense must be fewer in number than the elements of the greater offense, (2) the penalty for the included offense must be less than the greater charged offense, and (3) the two offenses must contain common elements so that the included offense must be such that the greater offense cannot be committed without also committing the lesser. *State v. Kafka*, 264 N.W.2d 702, 705 (S.D.1978) (Zastrow, J., concurring specially).

The third component of the legal test has not been met in this case, for while possession is an essential element of possession with intent to distribute, it is clear that the offense of *distribution* of a controlled substance can be committed in the absence of illegal possession. *State v. Aiken*, 286 N.C. 202, 209 S.E.2d 763 (1974). It is entirely possible for a person to lawfully possess a controlled substance and yet be convicted of unauthorized distribution of such substance. Thus, evidence of illegal possession does not prove, and is not necessary for proof of, unlawful distribution of a controlled substance. *State v. Davis*, 68 N.J. 69, 342 A.2d 841 (1975); *cf. State v. Griffin*, 221 Kan. 83, 558 P.2d 90 (1976). We accordingly conclude that the offense described by SDCL 22–42–5 is not necessarily included, under the legal test, in the greater offense of unauthorized distribution of a controlled substance.

Neither has appellant satisfied the factual test, which we have described as follows:

'Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error. (citations omitted) There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed.' *People v. Karasek*, 1975, 63 Mich.App. 706, 234 N.W.2d 761.

*State v. Poss*, 298 N.W.2d 80, 82–3 (S.D. 1980), quoting *State v. Kafka*, supra, at 706 (Zastrow, J., concurring specially).

Appellant testified that she knew the substance in her physical possession was L.S.D., knew that it was illegal to sell that substance, and stated that she did, in fact, distribute L.S.D. to an individual who turned out to be a drug agent for the State of South Dakota. Appellant urges (assuming the legal test to have been satisfied) that the jury could have found her guilty of possession of a controlled substance, but that she was entrapped into selling. The jury, however, did not find in appellant's favor on the entrapment issue. The flaw in appellant's argument is that the same evidence which established the sale also revealed appellant's possession. She delivered the substance when the sale was made. In order for the factual test to be met, there must be conflicting evidence with regard to the element of the greater offense that is not an element of the lesser. *State v. Poss*, supra; *State v. O'Connor*, 265 N.W.2d 709, 716 (S.D.1978) (Zastrow, J., concurring specially). Here, no such conflict existed, and the factual test was thus also unsatisfied. Appellant was either guilty as charged or not guilty of any offense. *State v. Wilson*, 297 N.W.2d 477 (S.D.1980).

The judgment of conviction is affirmed.

All the Justices concur.