STATE of South Dakota, Plaintiff
and Appellee,

v.

Gary LIEN, Defendant and Appellant.

Nos. 13208, 13282.

Supreme Court of South Dakota.

Considered on Briefs March 20, 1981.

Decided May 6, 1981.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

DUNN, Justice.

Appellant, Gary Lien, appeals from a judgment entered pursuant to a jury verdict finding him guilty of grand theft. Appellant was sentenced to the state penitentiary for thirty-six months.[1] We affirm.

Appellant was charged with the theft of five white-faced heifer calves belonging to Chester Peterson (Peterson), appellant's

---

1. Appellant is also appealing from the trial court's order denying his motion to be released on bail and seeking a new trial. We shall treat these issues jointly with those arising in the jury trial.

neighbor. Peterson left appellant in charge of caring for his herd of cattle on March 6, 1980, while he attended the State "B" Basketball Tournament (tournament). On that same day, appellant sold ten calves at the Magness Livestock Market (Magness Livestock) in Huron, South Dakota. Mr. Magness, the owner of the salebarn, testified at trial that five of the calves which appellant sold were purchased by Jim Miller, a livestock buyer for Don Pageler.

The day after Peterson returned from the tournament he discovered that sixteen of his forty-eight calves were missing. On March 12, 1980, Peterson, Magness and Deputy Sheriff Hoffman went to Pageler's farm and found five of the missing calves among the calves purchased for Pageler from appellant. The calves were identified by comparing the bangs vaccination tag numbers, which are clipped to the calves' ears, with the veterinarian's records.

On appeal, appellant raises several issues,[2] which may be distilled as follows:

a) Was there sufficient evidence to sustain a conviction for grand theft? We find that there was.

b) Did the trial court abuse its discretion in questioning certain witnesses? We find that it did not.

c) Was appellant entitled to bail or a new trial? We find he was not.

Turning first to the question of sufficiency of the evidence, we begin by reiterating the standard of review:

> In determining the sufficiency of evidence on appeal the test is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt. In making this determination, this court will accept that evidence and the most favorable inferences that can fairly be drawn therefrom which will support the verdict.

*State v. Wilson*, 297 N.W.2d 477, 480 (S.D. 1980). See *State v. Schafer*, 297 N.W.2d 473 (S.D.1980), where we noted that the evidence must support a rational theory of guilt.

Appellant's contention at trial and on appeal is that the State failed to prove that the calves appellant sold at Magness Livestock were the same calves later found at Pageler's farm. Appellant relies on conflicting testimony concerning the condition of the calves and other issues going to identity. The State, however, presented positive identification of these five head of calves sold by appellant through Magness Livestock on March 6, and traced them directly through the livestock auction to the Pageler farm, where they were later found. Moreover, "because it is necessary to consider only the supporting evidence whether contradicted or not *State v. Jellema*, 206 N.W.2d 679 (Iowa 1973), the jury could easily have chosen to disbelieve [appellant's] . . . story[.] *State v. Wilson*, supra, at 480.

After a careful review of the record we find that there is sufficient evidence and inferences therefrom to sustain a rational theory of guilt.

Appellant next contends that the trial court abused its discretion in questioning witnesses during the course of the trial.

SDCL 19–14–27 provides that: "The court may interrogate witnesses, whether called by itself or by a party. This power shall be used sparingly and only when the interests of justice require." Here the trial court engaged in some perfunctory questioning. Although we agree with appellant that the trial court should refrain from clothing itself in the role of an advocate, and that here the trial court may have reached the limits of propriety, we believe that the trial court "may take reasonable measures to insure that the evidence is intelligibly presented to the jury. We hold that this includes the power to clarify evidence through the questioning of witnesses when in the exercise of sound discretion it

---

2. Appellant also has raised an issue concerning the taking or exercising of control over the property of another. We agree that appellant's initial possession was lawful; however, it became unlawful upon the cattles' removal from the Peterson farm and subsequent transportation to Magness Livestock Market.

is reasonably deemed necessary." *State v. Cuevas*, 288 N.W.2d 525, 533 (Iowa 1980).

The trial court here acted within its power and discretion. The questions propounded and the answers elicited were little more than clarifications of the evidence being presented. At no time did the trial court indicate anything other than an unbiased attempt to insure that the evidence was presented accurately and intelligently to the jury. Even if harm resulted from the trial court's questioning, it was rendered harmless by the instructions given the jury to disregard comments of the trial court.[3] We therefore find no abuse of discretion by the trial court.

We now turn to appellant's procedural issues. Appellant contends that, pursuant to his motion for relief under SDCL 15–6–60(b), the trial court should have granted a new trial. Appellant, however, perfected an appeal from his conviction on August 7, 1980. His motion for relief, under SDCL 15–6–60(b), was made on the same day. On the basis of SDCL 23A–32–18, and our interpretation of an identical statute in *State v. Olesen*, 86 S.D. 367, 196 N.W.2d 362 (1972), we hold that the trial court was without jurisdiction to consider this motion. It was therefore properly denied.

As for appellant's final issue, he contends that the trial court abused its discretion in failing to release him on bail. His appeal on this issue is based upon SDCL 23A–43–14; however, SDCL 23A–43–16 excludes that section from appeal. Therefore we refuse to review it here.

All issues not specifically addressed are deemed moot or without merit.

Accordingly, we affirm both the judgment and the order of the trial court.

All the Justices concur.

---

**3.** The trial court instructed the jury as follows:
I have not intended by anything I have said or done, or by any question I may have asked, to intimate or suggest what you should find to be the facts on any question submitted to you, or that I believe or disbelieve any witness. If anything I have done or said has seemed to so indicate, you will disregard it and form your own opinion.