**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Michael D. PICKERING, Defendant and Appellant.**

**No. 13510.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 25, 1982.

Decided April 7, 1982.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee, Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John P. Abbott, Brandon, for defendant and appellant.

FOSHEIM, Justice.

Appellant, Michael D. Pickering, was charged and convicted of kidnapping under SDCL 22–19–1(3). We affirm on his appeal.

Appellant raises two issues, both claiming the trial court erred in refusing his proffered instructions on lesser included offenses. We recently reviewed the South Dakota law governing lesser included offense instructions in *State v. Oien*, 302 N.W.2d 807, 808–809 (S.D.1981):

> Under the law as established in this state, it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense. *State v. Crofutt*, 76 S.D. 77, 72 N.W.2d 435 (1955). There are two tests that must be satisfied in determining whether the trial court should submit a lesser included offense instruction to the jury. The first is a legal test, the second is factual.
>
> In order to meet the legal test of a necessarily included offense, (1) the elements of the included offense must be fewer in number than the elements of the greater offense, (2) the penalty for the included offense must be less than the greater charged offense, and (3) the two offenses must contain common elements so that the included offense must be such that the greater offense cannot be committed without also committing the lesser. *State v. Kafka*, 264 N.W.2d 702, 705 (S.D.1978) (Zastrow, J., concurring specially.)
>
> . . . .
>
> [T]he factual test . . . :
>
> > 'Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error. (citations omitted) There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in con-

cluding that the greater offense was not committed and that a lesser offense was, in fact, committed.' *People v. Karasek*, 1975, 63 Mich.App. 706, 234 N.W.2d 761.

Appellant was charged with kidnapping, in violation of SDCL 22–19–1(3). That statute reads:

Any person who shall seize, confine, inveigle, decoy, abduct or carry away any person and hold or detain such person, except in the case of an unmarried minor by a parent thereof, for any of the following reasons:

. . . .

(3) To inflict bodily injury on or to terrorize the victim or another . . . is guilty of kidnapping.

■ Appellant contends that the trial court should have instructed on simple assault as a lesser included offense of kidnapping. The instruction appellant proposed to the trial court is a combination of SDCL 22–18–1(1) and (4).

Any person who:

(1) Attempts to cause bodily injury to another, other than a law enforcement officer engaged in the performance of his duties, and has the actual ability to cause the injury;

. . . .

(4) Attempts by physical menace to put another in fear of imminent serious bodily harm, with or without the actual ability to seriously harm the other person . . . is guilty of simple assault.

The third component of the legal test for a lesser included offense has not been met in this case, as the elements of actual ability (SDCL 22–18–1(1)), physical menace and serious bodily harm (SDCL 22–18–1(4)) are not elements of kidnapping.

■ Appellant also argues that the trial court should have instructed on disorderly conduct as a lesser included offense of kidnapping. The disorderly conduct instruction proposed to the trial court is SDCL 22–13–1(1):

Any person who intentionally causes serious public inconvenience, annoyance, or alarm to any other person, or creates a risk thereof by:

(1) Engaging in fighting or in violent or threatening behavior . . . is guilty of disorderly conduct.

Even though disorderly conduct may be directed at one person, it is clear from the statute that an essential element of disorderly conduct is the public nature of the offense. *Cf. Ellis v. Archer*, 38 S.D. 285, 161 N.W. 192 (1917) (wherein we distinguish public from private place). That element is not an element of kidnapping. Appellant's proposed instruction on disorderly conduct likewise fails to meet the third component of the legal test.

Although we realize that both the factual and legal test must be met before a lesser included offense instruction is warranted, we have nevertheless reviewed the trial evidence. The State introduced evidence supporting the elements of kidnapping. Appellant introduced no evidence in his defense. The evidence was such that appellant was either guilty or not guilty as charged.

The judgment of conviction is affirmed.

All the Justices concur.