STATE of South Dakota, Plaintiff and Appellee,

v.

Alvy F. COOK, Defendant and Appellant.

No. 13525.

Supreme Court of South Dakota.

Argued March 24, 1982.

Decided May 19, 1982.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

William J. Klimisch of Goetz, Hirsch & Klimisch, Yankton, for defendant and appellant.

DUNN, Justice.

Appellant Alvy Cook appeals from a jury verdict finding him guilty of aggravated assault of a police officer, commission of a felony while armed, simple assault, and resisting arrest. We affirm in part, reverse in part, and remand.

On December 18, 1981, Officer Tjarks observed a moving automobile in Yankton, South Dakota. A complaint about a similar automobile was filed earlier that evening with the Yankton Police. Officer Tjarks attempted to stop the automobile. The automobile did not stop immediately. A few blocks later, the automobile stopped in front of the home of Sheila Sieverding. Officer Tjarks observed Alvin Novak (Sieverding's boyfriend) exit from the driver's side of the automobile, while appellant and Danny Wagner exited from the passenger side. Novak entered the house through the back door and let appellant and Wagner into the house through the front door.

Meanwhile, Officers Furdeck, Vlieger and Whiting arrived at the scene. Officer Vlieger told Novak that the police had received a complaint about the automobile. Novak invited the officers into the house to discuss the matter.[1] When Officer Tjarks entered, she stated that she had observed Novak driving the automobile, and that she was aware he was driving under a suspended driver's license. Novak claimed he was not driving the automobile, but rather that appellant was driving. The discussion became heated and Novak told the officers to leave the house.[2] The officers did not leave. Novak swore at Officer Whiting and punched him in the chest. Officer Whiting, while attempting to subdue Novak and effect his arrest, shoved Novak back onto a chair.

At this point, appellant jumped off the couch and tried to pull Officer Whiting off of Novak. Officer Whiting warned appellant to stop or he would be arrested for interfering with an officer. Appellant swore at Officer Whiting and challenged him to fight. Officer Whiting grabbed appellant's wrists to consummate the arrest.

Appellant broke away. Officers Whiting and Vlieger again attempted to restrain appellant. A struggle ensued and all three men landed on the floor. Appellant, while thrashing around on the floor, kicked Officer Whiting three times in the face and once in the chest, and kicked Officer Vlieger once. Appellant was finally subdued and arrested. During the booking procedures at the Yankton Police Station, appellant turned over a .25 caliber handgun which he had had in his possession during the prior incident.

■ Appellant contends that the evidence was insufficient to support his conviction for aggravated assault. We disagree. In determining the sufficiency of evidence on appeal, the test is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Lien*, 305 N.W.2d 388 (S.D.1981); *State v. Robb*, 303 N.W.2d 368 (S.D.1981); *State v. Moeller*, 298 N.W.2d 93 (S.D.1980). In making this determination, this court must accept that evidence and the most favorable inferences that can be drawn therefrom in support of the verdict. *State v. Lien, supra; State v. Antelope*, 304 N.W.2d 115 (S.D.1981).

■ Aggravated assault under SDCL 22–18–1.1(3) requires the showing of: 1) an attempt to cause or the knowing causation of any bodily injury, 2) to a law enforcement officer, 3) while the officer is engaged in the performance of his duties. *See State v. Corle*, 294 N.W.2d 799 (S.D.1980). It is not disputed that Officer Whiting was a law enforcement officer in Yankton.

Appellant does contend that since Officer Whiting did not leave the property in question when Novak so requested, Whiting was trespassing on the property and was, therefore, not engaged in the performance of his duties. This court has not adopted a particular test to determine if a police officer is engaged in the performance of his duties. However, the Second Circuit Court of Ap-

---

1. Novak testified that he only invited one officer in.

2. Novak testified that he told the officers three times to leave the house.

peals did address this issue in *United States v. Heliczer*, 373 F.2d 241 (2d Cir.) *cert. denied*, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967), which interpreted the phrase "official duties" in a federal statute proscribing assaults upon federal narcotics officers. The *Heliczer* court stated:

'Engaged in * * * performance of official duties' is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own. It cannot be said that an agent who has made an arrest loses his official capacity if the arrest is subsequently adjudged to be unlawful.

373 F.2d at 245. *See also United States v. Smith*, 562 F.2d 453 (7th Cir. 1977), *cert. denied*, 434 U.S. 1072, 98 S.Ct. 1256, 55 L.Ed.2d 775 (1978); *United States v. Cunningham*, 509 F.2d 961 (D.C.Cir.1975); *State v. Barrett*, 96 Wis.2d 174, 291 N.W.2d 498 (1980).

■ Ordinarily, an officer of the law who goes upon private property while investigating a crime is not a trespasser. *United States v. Barnett*, 492 F.2d 790 (5th Cir. 1974); *United States v. Knight*, 451 F.2d 275 (5th Cir. 1971), *cert. denied* 405 U.S. 965, 92 S.Ct. 1171, 31 L.Ed.2d 240 (1972); *State v. Van Rees*, 246 N.W.2d 339 (Iowa 1976); *State v. Lukus*, 149 Mont. 45, 423 P.2d 49 (1967). The general rule is that:

Conduct otherwise a trespass is often justifiable by reason of authority vested in the person who does the act, as, for example, an officer of the law acting in the performance of his duty.

75 Am.Jur.2d *Trespass* § 43 (1974) (footnotes omitted).

■ In the present case, Officer Whiting had been directed to investigate a complaint received by the Yankton police. He acted within the scope of his employment when questioning Novak and appellant, and he was not engaged in a personal frolic of his own. There was sufficient evidence to show that Officer Whiting was engaged in the performance of his duties.

■ The State must also show that appellant attempted to cause or knowingly caused any bodily injury. The evidence indicates that appellant repeatedly swore at, pulled at, and threatened Officer Whiting. During the struggle to effect the arrest, appellant kicked Officer Whiting in the face three times and once in the chest, resulting in swollen cheeks and a cut chin. Two officers testified that appellant's kicking appeared to be intentional. Even appellant admitted that he was flailing his legs. Appellant contends that he was attacked by Officer Whiting and a second officer, however, and that his kicking actions were in self-defense. To prove a defense of self-defense, appellant must introduce sufficient evidence to create a reasonable doubt as to justification. *State v. Mier*, 74 S.D. 515, 55 N.W.2d 74 (1952). The jury refused to accept appellant's self-defense evidence, after they were thoroughly instructed on the issue of self-defense,[3] and concluded that appellant was guilty of aggravated assault. We find that there was substantial evidence in the record to support the jury's verdict.

■ Appellant alleges that the evidence was insufficient to support his conviction for resisting arrest. Under SDCL 22–11–4, a person is guilty of resisting arrest if he, intentionally prevents or attempts to prevent a law enforcement officer or jailer, acting under color of his authority, from effecting an arrest of the actor or another, by:

(1) Threatening to use physical force or violence against the law enforcement officer or jailer or any other person; or

(2) Using any other means which creates a substantial risk of causing physical injury to the law enforcement officer, jailer or any other person[.]

In light of the evidence previously discussed regarding appellant's conviction for aggravated assault, we find that the evidence was also sufficient to support appellant's conviction for resisting arrest.

---

**3.** The self-defense instruction given by the trial court was similar to the self-defense instruction requested in *United States ex rel. Means v. Solem*, 480 F.Supp. 128 (D.S.D.1979).

■ Appellant contends that the evidence was insufficient to support his conviction under SDCL 22–14–13 for the commission of a felony while armed with a firearm. In *State v. Corle,* 294 N.W.2d at 800, we stated that the elements of this crime require a showing of: "(1) the commission or the attempted commission of any felony, (2) while armed with a firearm." Appellant claims he was not armed with a firearm and argues that under this statute the state must show that the firearm was used in the commission of the felony.

Recently, in *State v. Simons,* 313 N.W.2d 465, 467 (S.D.1981), this court recognized that "SDCL 22–14–13 is an enhancement statute designed to discourage firearm use and decrease the probability of serious bodily harm to felony victims . . . . It is a gun control statute that mandates additional punishment if a firearm is used in the perpetration of the predicate felony." In the case before us, the firearm was not used in the perpetration of the predicate felony. The purpose of the statute, namely to discourage firearm use and decrease the probability of serious bodily harm to felony victims, would not be furthered by applying this statute to the situation before us. Here, appellant did not use the firearm during the commission of the felony; the officers were not aware of the presence of the firearm until after appellant's arrest and during the process of a strip search at the police station when appellant voluntarily turned the firearm over to the officers after they told appellant they were looking for weapons; appellant had a permit for the firearm; and he testified that he had used the firearm for target practice earlier that day.

We distinguish this case from the decisions holding that no nexus between the felony and the firearm need be established. *State v. Farmer,* 324 A.2d 739 (Me.1974); *Wayne Cty. Pros. v. Recorder's Ct. Judge,* 406 Mich. 374, 280 N.W.2d 793 (1979); *People v. Elowe,* 85 Mich.App. 744, 272 N.W.2d 596 (1978). Here, the felony (aggravated assault on a police officer) grew like "topsy" out of a heated discussion and melee in regard to arresting a companion. This is not a situation where a prospective felon has a firearm at his disposal to bolster his courage during the commission of a crime or for use to effect an escape if the criminal enterprise goes awry. Rather, the undisputed evidence at trial indicates that appellant had legal possession of the firearm; he had used it for target practice earlier in the day; and he did not use or attempt to use the firearm during the brawl that resulted in the commission of a felony. We agree with appellant that under the peculiar circumstances of this case the evidence was insufficient to support the conviction on this charge.

■ Appellant contends that the trial court erred in instructing the jury over his objection that SDCL 22–18–1(2) (simple assault) is a lesser included offense in SDCL 22–18–1.1(3) (aggravated assault). Appellant's objection to the giving of the instruction on lesser included offenses is not controlling. It is the duty of the trial court to instruct the jury as to the law applicable to the case. *See* SDCL 23A–25–3. The defense does not have the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict. *People v. Chamblis,* 395 Mich. 408, 236 N.W.2d 473 (1975). Thus, the trial judge may instruct *sua sponte* on a lesser included offense if the evidence adduced at trial would warrant conviction of the lesser charge and if the defendant has been afforded fair notice of those lesser included offenses. *People v. Johnson,* 409 Mich. 552, 297 N.W.2d 115 (1980).

In determining whether the trial court should submit a lesser included offense instruction to the jury, two tests must be satisfied. The first is a legal test, the second is factual. *State v. Pickering,* 317 N.W.2d 926 (S.D.1982); *State v. Heumiller,* 317 N.W.2d 126 (S.D.1982); *State v. Oien,* 302 N.W.2d 807 (S.D.1981).

■ The legal test of a necessarily included offense requires that (1) the elements of the included offense are fewer in number than the elements of the greater offense, (2) the penalty for the included offense is less than the greater charged offense, and (3) the two offenses must con-

tain common elements so that the greater offense cannot be committed without also committing the lesser. *State v. Pickering, supra; State v. Heumiller, supra; State v. Oien, supra.*

The legal test has not been satisfied; therefore, we need not address the factual test. The elements of aggravated assault under SDCL 22–18–1.1(3) are: (1) an attempt to cause or the knowing causation of any bodily injury, (2) to a law enforcement officer, (3) while the officer is engaged in the performance of his duties. *State v. Corle, supra.* The elements of simple assault under SDCL 22–18–1(2) are: (1) to cause bodily injury to another, (2) in a reckless manner. The third element of the legal test has not been met in this case. The crime of aggravated assault under SDCL 22–18–1.1(3) could be committed by attempting to cause bodily injury. Actual bodily injury need not be shown. Simple assault, under SDCL 22–18–1(2) on the other hand, requires a showing of bodily injury. Since the crime of aggravated assault could be committed without committing the crime of simple assault, it was error for the trial court to instruct the jury on the lesser included offense of simple assault.[4]

Appellant contends that the trial court erred in refusing to give four of his requested jury instructions. These instructions were similar to the instructions given by the trial court, except that they specifically referred to the conduct of the police officers. We have held that it is not error for the trial court to refuse to give jury instructions which are already embodied in other given instructions. *State v. Grey Owl,* 295 N.W.2d 748 (S.D.1980); *Jahnig v. Coisman,* 283 N.W.2d 557 (S.D.1979); *Egan v. Sheffer,* 86 S.D. 684, 201 N.W.2d 174 (1972). Jury instructions are adequate, if when considered as a whole, they correctly state the law applicable to the case. *State v. Gallegos,* 316 N.W.2d 634 (S.D.1982); *State v. Grey Owl, supra; State v. Westphal,* 273 N.W.2d 155 (S.D.1978). Appellant has the burden of showing not only error,

but also prejudicial error to the effect that under the evidence, the jury might and probably would have returned a different verdict if appellant's instructions had been given. *State v. Grey Owl, supra.* After comparing the four proposed jury instructions with the instructions given by the trial court, we find that the trial court did not err in refusing appellant's proposed instructions.

We affirm the convictions of aggravated assault and resisting arrest. We reverse the convictions of simple assault and committing a felony while armed with a firearm, and remand for dismissal of these two convictions by the trial court.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

I agree with the result of this decision but I cannot approve the standard set forth in *United States v. Heliczer, supra.* It is the word "frolic" which causes me to rebel against the *Heliczer* standard. "Frolic" means merriment, fun, or a playful mischievous action. Were the words "mission," "act," "enterprise," or "quest" substituted for the word "frolic," I could adopt said standard. The term "frolic" simply denotes too much leeway or professional flexibility on the part of an officer. My concern is that any officer may subjectively perceive his duty so as to enter private property and investigate while the facts could show that his subjective perception was not the objective perception of a reasonable man acting as an officer of the law under like circumstances.

I fear an encroachment by law enforcement officers upon private property under the guise of "investigating a crime." If, indeed, time and circumstances permit, an officer should obtain a search or arrest war-

---

4. Appellant contends that the trial court erred in instructing on lesser included offenses on both counts of aggravated assault. Since he was found guilty of the first count of aggrava-ted assault on a police officer, however, it was harmless error to also instruct the jury on simple assault on this count.

rant prior to going on private property to investigate. Obviously, if he is in the heat of the chase or is attempting to quell an on-going crime or disturbance such a procedure would not be required. I believe that law enforcement officers can trespass, just like any other citizen. Their badge must not be used as a shield to invade private property under a standard which has its perimeters between the performance of duty and a frolic.