**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Cassius Lea DISBROW, Jr., Defendant and Appellant.**

**No. 15684.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1987.

Decided Jan. 6, 1988.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Patricia C. Riepel, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

WUEST, Chief Justice.

Defendant, Cassius Disbrow, Jr., appeals his conviction for grand theft. We reverse and remand for a new trial.

On April 3, 1986, defendant went to the Dakota Pawn Shop in Sioux Falls, South Dakota to redeem some items he had pawned there. When the clerk left the display area to get the items, she left the jewelry cabinet unlocked because she knew and trusted the defendant and no one else was in the store at the time. She did not leave the cabinet unlocked any other time that day. Later in the day, the clerk noticed there was a ring missing from the cabinet.

The owner of Dakota Pawn found the missing ring the next day. The ring had been pawned at the Sunset Strip Pawn Shop by the defendant the previous day. Defendant admitted pawning a ring at Sunset Pawn but claimed he had received the ring from someone else and pawned it for that person.

Defendant was convicted of grant theft. The trial court suspended imposition of sen-

tence and placed the defendant on twelve months probation.

Defendant argues the trial court erred in refusing to instruct the jury on petty theft.[1] He cites SDCL 23A–26–7, which states:

Whenever a crime is distinguished by degrees, a jury, if it convicts an accused, shall find the degree of the crime of which he is guilty and include that finding in its verdict. When there is a reasonable ground of doubt as to which of two or more degrees an accused is guilty, he can be convicted of only the lowest degree.

In *State v. Gregg*, 405 N.W.2d 49 (S.D. 1987), this court stated:

It is clear that the first sentence of the statute simply requires the jury to find the degree of the crime of which the defendant is guilty and include that finding in its verdict. It does not require a jury instruction on the same. The second sentence of the statute mandates that the accused can be convicted of only the lowest degree when there is a reasonable ground of doubt as to which of two or more degrees he is guilty. (Emphasis supplied).

*Gregg*, 405 N.W.2d at 51–52.

■ If requested, the trial court must instruct the jury upon a lesser offense included in the offense charged. Before a lesser included offense can be found necessarily included in the greater offense, two tests must be met. One is a legal test, the other is factual. *State v. Farmer*, 407 N.W.2d 821 (S.D.1987); *State v. Oien*, 302 N.W.2d 807 (S.D.1981); *State v. Poss*, 298 N.W.2d 80 (S.D.1980); *State v. Kafka*, 264 N.W.2d 702 (S.D.1978). The factual test is:

Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be

reversible error. (Citations omitted). There must be sufficient evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that a lesser offense was, in fact, committed. *Oien*, 302 N.W.2d at 809; *Poss*, 298 N.W.2d at 82–83.

■ The test for determining value of stolen property is the "fair market value" test. The value of the property is the fair market value at the time and place of theft. *State v. Davis*, 401 N.W.2d 721 (S.D.1987); *State v. Quinn*, 286 N.W.2d 320 (S.D.1979).

■ Defendant readily admits that there was conflicting testimony regarding value. However, there was sufficient evidence presented from which the jury could have concluded that the fair market value was less than $200. It is well settled that the issue of value is a fact question to be determined by the jury. *State v. Jacquith*, 272 N.W.2d 90 (S.D.1978).

Gaylan Stoops of Sunset Pawn, with two years experience in the pawn business, testified as follows:

Q: Did he discuss how much money he wanted for the ring or how much you wanted to give him?

A: He asked me how high we would go on the ring and I said $125 or $150, maybe.

Q: Would that be considered basically the fair market value for that day, as far as you were concerned?

A: Yes.

Since the defendant met the factual test, he was entitled to the lesser included instruction of petty theft.

Reversed and remanded.

All the Justices concur.

---

1. SDCL 22–30A–17 divides theft into grand theft (value of property exceeds $200) and petty theft.