**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Curtis Lee RED FOX, Defendant and Appellant.**

**No. 16464.**

Supreme Court of South Dakota.

Considered on Briefs May 26, 1989.

Decided Sept. 27, 1989.

Craig M. Eichstadt, Asst. Atty. Gen., (Roger A. Tellinghuisen, Atty. Gen., on the brief), Pierre, for plaintiff and appellee.

Patrick M. Schroeder, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

PER CURIAM.

Curtis Lee Red Fox appeals from a judgment of conviction and sentence for grand theft. SDCL 22–30A–1, 22–30A–17. We affirm.

On the evening of June 17, 1988, Laura Christy (victim) parked her 1976 Volvo near her mother's house in Sioux Falls, South Dakota, and left the keys in the car. A short time later a neighbor saw Red Fox get in the car, start the engine, and drive off. The neighbor told the victim what he

had seen, and she called the police. Shortly thereafter, police officers stopped the car and arrested Red Fox.

The state charged Red Fox with grand theft. At trial, Red Fox testified that at the time of the occurrence he was on his way to the football field at Augustana College to work out. However, when he saw the keys in the victim's car, he decided he could get to the college faster by driving rather than walking. He stated that he intended to leave the car at the college and had no intention of returning the car to the victim.

At the close of the evidence, Red Fox requested an instruction that unauthorized operation of a motor vehicle (SDCL 22–30A–12) was a lesser included offense of grand theft. The trial court denied the request and the jury found Red Fox guilty of grand theft. The trial court sentenced Red Fox to five years in the state penitentiary.

The sole issue on appeal is whether the trial court erred in refusing to instruct the jury that unauthorized operation of a motor vehicle is a lesser included offense of grand theft. Red Fox argues that in light of the evidence presented at trial, the jury could have found him guilty of unauthorized operation of a motor vehicle rather than grand theft. He concludes, therefore, that the trial court should have given a lesser included offense instruction.

> Under the law as established in this state, it is incumbent upon the trial court to instruct the jury, if requested, upon *a lesser offense included in the offense charged* if the evidence warrants a conviction upon the included offense. (emphasis added).

*State v. Oien*, 302 N.W.2d 807, 808 (S.D. 1981). Under this rule there is a two step process: first, to apply a legal test to determine whether a lesser included offense, in fact, exists; and second, to apply a factual test to determine whether the evidence sub-

mitted would support a conviction of the lesser charge.

The legal test, as adopted by this court, is based on the statutory definitions of the crimes and consists of three requirements: (1) the elements of the included offense must be fewer in number than the elements of the greater offense; (2) the penalty for the included offense must be less than the greater charged offense; and (3) the two offenses must contain common elements so that the included offense must be such that the greater offense cannot be committed without also committing the lesser. *State v. Heumiller*, 317 N.W.2d 126 (S.D.1982); *State v. Oien, supra; State v. Kafka*, 264 N.W.2d 702, 705 (S.D. 1978) (Zastrow, J., concurring specially).

The factual test is based on the evidence adduced at the trial. If sufficient evidence has been presented, viewed in a light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed and that the lesser offense was, in fact, committed; then it is the duty of the trial court to give the requested instruction and refusal to do so would be reversible error. *State v. Disbrow*, 417 N.W.2d 873 (S.D. 1988); *State v. Rich*, 417 N.W.2d 868 (S.D. 1988).

In the present case we first apply the legal test and find that the third prong, commonality of the elements, is not met. Grand theft is defined in SDCL 22–30A–1 and 22–30A–17.[1] The elements of grand theft are: (1) taking or exercising control over the property of another; (2) with the intent to deprive him of it; and (3) the value of the property exceeds $200. The crime of unauthorized operation of a motor vehicle is defined at SDCL 22–30A–12.[2] The elements of that offense are: (1) operation of another's motor vehicle; (2) without the consent of the owner; and (3) without

---

1. SDCL 22–30A–1 states: "Any person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft." SDCL 22–30A–17 adds that theft is grand theft if the value of the stolen property exceeds $200.

2. SDCL 22–30A–12 states: "Any person who, without the intent to deprive the owner thereof, operates another's motor vehicle or vessel without consent of the owner, is guilty of a Class 1 misdemeanor."

the intent to deprive the owner of the vehicle. It is clear the two offenses do not contain common elements; in fact, they are diametrically opposed on the element of intent to deprive. We also note that, contrary to Red Fox's assertion that the evidence justified the lesser included offense instruction (under the factual test), that was not the case. He testified that he had no intent to return the car to the victim. Such an intent does not comply with the third element of the offense of unauthorized operation of a motor vehicle.

Affirmed.